**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| George M. Walker; Diane W. Walker,<br><br>    Plaintiffs,<br><br>vs.<br><br>Washington Mutual Bank, F.A., et al.,<br><br>    Defendants. | No. CV 11-0584-PHX-SRB<br><br>**ORDER** |

On March 29, 2011, Plaintiffs, *pro se*, filed a Complaint for Quiet Title. Plaintiffs also filed a Petition for Temporary Restraining Order and asked that the restraining order be granted without notice "because Plaintiff will suffer immediate and irreparable injury, loss, or damage if the order is not granted before Plaintiff can be heard as Defendants sale of the property is scheduled to occur on April 1, 2011." (Doc. 2, Pls.' Pet. for TRO at 3.)

The urgency of this Petition is one of Plaintiffs' own making. Plaintiffs received a Notice of Trustee's Sale dated November 29, 2010, in early December 2010. The Trustee's Sale was noticed for March 1, 2011. Apparently Plaintiffs were able to negotiate a one-month postponement of the sale which is now scheduled, according to Plaintiffs, for April 1, 2011.

Plaintiffs also admitted in an affidavit attached to their Complaint signed by Plaintiff George Walker on July 1, 2010, that he and his wife, Plaintiff Diane Walker, signed loan

documents with Washington Mutual Bank at Security Title Agency in Scottsdale, Arizona on October 9, 2006 concerning property located at 3964 E. Expedition Way, Phoenix, Arizona. He states that he and Diane Walker signed a promissory note to Washington Mutual Bank for $1,440,000 on October 9, 2006. The Notice of Trustee's Sale attached as Exhibit 2 to Plaintiffs' Complaint states that the property to be sold is 3964 E. Expedition Way pursuant to the power of sale under a deed of trust recorded October 11, 2006, securing an original principal balance of a $1,440,000 note. The original trustor is listed as Plaintiffs George and Diane Walker and the present beneficiary of the deed of trust is stated to be JPMorgan Chase Bank, successor in interest to Washington Mutual Bank (WaMu).

Nowhere in Plaintiffs' Complaint for Quiet Title or in the Petition for Temporary Restraining Order is there any assertion that Plaintiffs are not in default. Rather, Plaintiffs' Complaint, much like many other complaints filed in this district, appears to espouse the theory that before a Trustee's Sale can be noticed Plaintiffs are entitled to be shown the original note and that Defendants must prove that they are holders in due course of that note. Plaintiffs also espouse the theory that even though they signed a note for $1,440,000, somehow they owe nothing on the note, stating in connection with their fourth cause of action for declaratory judgment that no valid contract exists because "alleged lender WaMu" did not promise anything to the Plaintiffs. It appears to be Plaintiffs' theory that because the Deed of Trust never stated that WaMu or any other Defendant was the lawful owner of the money delivered to the Plaintiffs that somehow there is no legal right for the beneficiary to foreclose the Deed of Trust.

However, there is a distinction between a suit to collect on a promissory note and exercising the right of sale under Arizona law pursuant to a recorded deed of trust. Defendants are not required to show Plaintiffs the note. This Court and others have routinely rejected the "show me the note" argument. *Mansour v. Cal-W. Reconveyance Corp.*, 618 F. Supp. 2d 1178, 1181 (D. Ariz. 2009) (citing *Ernestberg v. Mortgage Investors Group,* No.2:08-cv-01304-RCJ-RJJ, 2009 WL 160241 at *5 (D. Nev. Jan. 22, 2009); *Putkkuri v. Reconstrust Co.*, No. 08cv1919 WOH (AJB), 2009 WL 32567, at *2(S.D. Cal.Jan.5, 2009);

1 *San Diego Home Solutions, Inc. v. Reconstruct Co.,* No. 08 cv1970 L(AJB), 2008 WL
2 5209972, at *2 (S.D. Cal. Dec. 10, 2008); *Wayne v. HomEq Servicing, Inc.,* No. 2:08-cv-
3 00781-RCJ-LRL, 2008 WL 4642595, at *3 (D. Nev. Oct. 16, 2008)). Moreover, Plaintiffs'
4 allege federal law violations of Truth in Lending Act or the Real Estate Settlement
5 Procedures Act, according to Plaintiffs' Complaint, occurred in 2006 and any statute of
6 limitation has long expired on any such claims. Plaintiffs have failed to show any likelihood
7 of success on the merits of their claim that Defendants have no right to proceed with a
8 trustee's sale or their entitlement to a Temporary Restraining Order without notice.
9    IT IS ORDERED denying Plaintiffs' Petition for Temporary Restraining Order
10 (Doc.2).

12    DATED this 30th day of March, 2011.

_____
Susan R. Bolton
United States District Judge