```
                                                      FILED        LODGED
                                                      RECEIVED     COPY

              IN THE UNITED STATES DISTRICT COURT        MAY 0 4 2011
                   FOR THE DISTRICT OF ARIZONA
                                                     CLERK U S DISTRICT COURT
                                                       DISTRICT OF ARIZONA
                                                     BY                S DEPUTY
```

George M. Walker      )
Diane W. Walker   H/W )
    Plaintiffs   )   No. CV: 11-0584-PHX-SRB
                     )
    Vs.                  )
                     )
Washington Mutual Bank, F.A., et al.   )
    Defendants   )   **TRIAL-BY-JURY REQUESTED**
                     )

---

**George M. Walker and Diane W. Walker are before this court by special appearance without waiving any rights remedies or defenses, statutory or procedural.**

---

## PLAINTIFFS' RESPONSE AND OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS

COME NOW the Plaintiffs George M. and Diane Walker, husband and wife, and oppose Defendant Security Title Agency's (STA) Motion to Dismiss. Plaintiffs are also opposing Defendants JP Morgan Chase ("Chase"), Washington Mutual Bank ("WaMu"), and California Reconveyance Company ("CRC")'s Motion to Dismiss.

### ATTORNEYS' REPRESENTATION

Plaintiffs dispute that the law firms (1) Maynard Cronin Erickson Curran & Sparks, PLC ("Maynard")and (2) Fidelity National Law Group ("Fidelity") represent the corporate entities of the defendants which they claim to represent.

There is no document on record signed by the respective corporate officials to verify such representation.

Maynard claims to represent WaMu which is no longer in existence as a corporation.

Plaintiffs move the Court to strike Defendants' pleadings from the record until their representation has been properly authenticated.

### INTRODUCTION

Plaintiffs move the Court to take judicial notice of the fact that the name "Security Title Agency" is found on the "Notice of Trustee's Sale" (Plaintiffs' Exhibit 2).

Plaintiffs' Exhibit 2 was submitted solely to show the court the names of Defendants listed on the Notice.

It is a logical conclusion to make that the names of entities listed on a "Notice of Trustee's Sale" are involved in the Trustee's sale. Otherwise, their name would not be listed.

Since the named entities are involved in Trustee's Sale, then naming them in a lawsuit to stop the foreclosure sale and to attain a quiet title to property would be a logical step by homeowners who seek to protect their property threatened with the trustee's sale.

In its Motion to Dismiss, STA never claimed that it is not involved in the Trustee's Sale.

STA never explained the purpose of having its name on the Notice of Trustee's Sale (Plaintiffs' Exhibit 2).

STA never clarified its involvement in the Trustee's Sale.

However, STA cannot list itself on documents threatening to sell people's properties and then behave as if it does not know what it is being sued for.

At the very least, STA should know and explain to the Court why its name is on the Notice of Trustee's sale -- if it is not actually involved in such a sale.

STA is acting dishonestly and in bad faith.

If STA clearly states that it has no involvement in such a sale, and no interest in the property, then Plaintiffs would agree to remove its name as a Defendant.

In the absence of such a clear statement from STA, the presumption would be that STA is involved in the fraudulent sale to convert title to Plaintiffs' property -- and that would be a valid justification for including its name as a defendant.

## FACTS

Defendants ask: What each Defendant did to make it liable?

The Answer:
The Notice of Trustee's sale is sufficient enough to indicate that all Defendants are involved in the foreclosure. None has denied involvement.

Each defendant is involved in an attempt to fraudulently convert title to property.

The fraud is based on concealment and misrepresentation.

Defendant STA is foreclosing while there is no admissible evidence to show that it has any

interest in Property. For STA to participate in a foreclosure on a property without entitlement to do so is a justification for liability. Defendant STA never denied its involvement in the foreclosure process regarding Property.

Defendant WaMu is bankrupt, but Plaintiffs mentioned it as a defendant for being Lender. Plaintiffs wanted to prove that Defendant WaMu is no longer in existence and does not have any interest in property and is not an obstacle to Plaintiffs' present action for a Quiet Title.

Defendant CRC was named a Trustee in the Deed of Trust. However, the facts prove that its is not a valid trustee since it never signed the trust documents and it never accept the responsibility of being the trustee.

There is no written Declaration and Demand for Sale submitted by the beneficiary under the Deed of trust to either CRC or STA to conduct the foreclosure.

Defendant Chase is also foreclosing while it fails the statutory requirements outlined in *Mansour*. None of the Defendants meet the Mansour criteria.

Defendants attacked Plaintiffs' arguments -- while they never proved their entitlement to foreclose.

Regardless how the court views Plaintiffs' argument, the Court is obligated under the equal protection close to view the record on both sides in the same scrutiny and under the same light.

Plaintiffs move the Court to take a judicial notice that Defendants did not submit any admissible evidence to prove the existence of a loan, the default on the loan, that Plaintiffs are liable on the loan, and that Chase or any other defendant is entitled to payments.

### *Chase's Acquisition of "a number of notes"*

Defendants Chase, WaMu and CRS claim that "The Notice of Trustee's Sale that Plaintiffs attach indicates that they signed a note and deed of trust in 2006 to secure a loan . . ."

Defendant Chase never proved that the loan was with WaMu. Defendant Chase never provided any evidence that Chase acquired the loan from WaMu.

The fact that Chase acquired "certain" WaMu assets, "including a number of notes and deeds of trust" is in itself a proof that Chase did not acquire ALL of the notes and deeds of trust.

Even if Chase acquired 99.9% of WaMu's Notes, that is not sufficient proof that it acquired the specific loan subject to this litigation.

If Chase acquired the loan and its records, then it should not be difficult for it to offer into evidence the documents which would prove such acquisition. Chase had failed to do so.

### **DEFENDANTS' "Show Me the Note Theory" LIE**

The most extraordinary lie advanced by Defendants is their reference to *Mansour* claiming that the Court in that case rejected the "show me the note" theory.

The Court in *Mansour* did not simply say "don't show the note." It outlined the statutory criteria that a foreclosing party has to meet.

Defendants never presented what the Court in *Mansour* actually said -- and how Defendants meet those criteria.

What Plaintiffs advocated was legitimate statutory criteria as defined in *Mansour*.

Defendants, each and everyone of them, failed to provide any explanation on how they meet the *Mansour* criteria. If they do meet those criteria, they would have stated so -- but they do not.

As a result, Plaintiffs move the Court to cancel the foreclosure sale scheduled to be held by Defendants on the date listed in the Notice of Trustee's Sale (Exhibit 2).

Defendants attach Plaintiffs statement that the foreclosing party should establish standing before a foreclosure can take place.

What Plaintiffs would like to hear from the law firms in this case is to present to Plaintiffs the criteria which a person has to meet in order to foreclose on the law firms' and the attorneys' properties -- and how Defendants meet those criteria in this case in their attempt to foreclose on Plaintiffs' Property.

If no standing, no proof of debt, no proof of valuable consideration, and no proof of anything is required, then Plaintiffs could initiate a foreclosure on the attorneys' properties using the same criteria which they outlined.

What is good for the law firms should also be good for the homeowners. Otherwise, we would be having an equal protection issue.

Plaintiffs did not claim the "Show me the Note Theory," and there is no reference in Plaintiffs pleading to "show me the note."

Defendants are falsifying Plaintiffs' position -- for a clear purpose that Defendants are incapable of responding to Plaintiffs' argument; therefore, Defendants would falsify it under the "show me the note" banner and then respond to their own falsification.

Plaintiffs move the court to take judicial notice and outline the statutory criteria that a foreclosing party has to meet in order to foreclose, and what are the elements that if a foreclosing party cannot meet then it would not be entitled to foreclose.

"The trial judge should inform a pro se litigant of the proper procedure for the action he or she is obviously attempting to accomplish." *Breck v. Ulmer*, 745 P.2d 66, 75 (1987).

Chase, and all Defendants, failed to meet the requirements of *Mansour* -- therefore, none of the Defendants is entitled to foreclose, and their foreclosure proceeding is nothing more than a fraudulent attempt to convert title to property.

## RESPA

Defendants assert that a claim that relates to the origination of the loan would not be viable to defendants who were not involved in originating the loan.

Such an assertion has no legal foundation.

Pursuant to 16 CFR 433.2,

> In connection with any sale or lease of goods or services to consumers, in or affecting commerce as commerce is defined in the Federal Trade Commission Act, *it is an unfair or deceptive act or practice* within the meaning of section 5 of that Act for a seller, directly or indirectly, to:
>
> (a) Take or receive a consumer credit *contract which fails to contain the following* provision in at least ten point, bold face, type: NOTICE ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS *SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER* OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.
>
> or,
>
> (b) Accept, as full or partial payment for such sale or lease, the proceeds of any purchase money loan (as purchase money loan is defined herein), unless any consumer credit contract made in connection with such purchase money loan contains the following provision in at least ten point, bold face, type: NOTICE ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

Defendants herein failed to produce the contract, the Note, or the Deed upon which they assert their right to foreclose.

If that contract exists, then it would or would not have the provision indicated.

If the contract does not have the 16 CFR 433.2 provision, then Defendants would be liable for an unfair and deceptive act or practice.

If the contract does have this provision, then defendants who claim not to be involved in originating the loan would still be liable for the same claims and defenses that Plaintiffs could have raised against the originator of the loan.

If the contract pursuant to which Defendants are asserting their claim -- and which has not been presented to this court -- does have the 16 CFR 433.2 provision, then Defendants would not qualify as holders in due course because they would have taken the instrument with notice that Borrower could assert "all claims and defenses" against them -- and thus failing the requirement of ARS 47-3302(A)(2)(f), as well other parts of ARS 47-3302(A)(2).

Plaintiffs are entitled to rescission and recoupment.

## FDCPA

Defendants are liable under the FDCPA for attempting to collect a debt and foreclose on Property while they refuse to validate the debt. That is a specific violation. Defendants, such as Chase and CRC, failed to respond to Plaintiffs' letter in Exhibit 1.

Plaintiffs' "Notice of Right to Cancel" sent to Chase and WaMu is a proof that Chase and WaMu effectively stated that whatever interests Defendants had in the Property is void as a result of their default.

Defendants' did not rebut this evidence and has therefore been conceded.

All the facts, arguments and causes of action un-rebutted by Defendants have been conceded.

Any attempt to collect money from Plaintiffs without a proper validation will be construed as theft.

Defendants claim that "a debt collector does not include a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned."

If that is the law in Arizona, then each and every defendant is required to define itself and under what category it is acting. Which of the Defendants is a "mortgage servicing company" or "an assignee of a debt" to which the Plaintiffs are liable.

None of the Defendants provided any admissible evidence to prove that they are a servicing company servicing the loan in question, evidence showing an assignment of the specific loan, the date of the assignment, and the date of the alleged default.

Defendants simply quoted a case law and said that FDCPA is inapplicable -- while they failed to explain how the facts in the case law which they quoted applied to them.

Defendants' FDCPA arguments have no validity.

Plaintiffs move the Court to find Defendants liable for punitive damages due to Defendants' failure to validate any debt or prove their standing -- while insisting on pursuing a foreclosure.

### FRAUD

Defendants presented nine elements of fraud and stated that Plaintiffs should prove all these elements to succeed on a claim of fraud.

Based on research, it was discovered that the nine elements presented by Defendants in their Motions to Dismiss are not applicable in this case because these elements relate to "common-law tort of fraud."

Once again, Defendants' motions are a clear expression of fraud when they misrepresent the elements that pro se Plaintiffs have to meet -- causing Plaintiffs to presume that Defendants' attorneys are correct when research proves them to be falsifying the arguments and elevating the burden that Plaintiffs have to meet.

Defendants are not acting fairly or in good faith.

Plaintiffs are only required to prove "concealment or misrepresentation" conduct by the Defendants.

"the concealment or misrepresentation policy defense is a specie of fraud." Court of Appeals, Division One, American v. Federal, Case No. 1 CA-CV 00-0549; 2003.

The concealment is clear -- Defendants pretend to be innocent while they never provide any explanation as to the reason they have their names listed on a foreclosing document, as to the role they are playing in the foreclosure process. STA never denied its involvement in the foreclosure.

The misrepresentation is clear -- Defendants' attempt to foreclose without providing any admissible evidence that would entitle them to foreclose.

Plaintiff's Exhibit 2 is a notice received by Plaintiffs with all Defendants' names on it -- making a representation as if each and every Defendant has a right to act against or sell the Property in question.

The representation is false because there is no admissible evidence to prove that any defendant is entitled to foreclose.

Chase is pretending to be a foreclosing party without providing any evidence of a contract that created the debt or an assignment. There is no evidence that Chase owns a loan against Plaintiffs, the current amount of that loan, the account number, the accounting ledger, etc.

Defendants' misrepresentation is material because it is aimed at fraudulently depriving Plaintiffs of their property.

By having their names on a foreclosing document, such as Exhibit 2, all the Defendants are intending for the recipient to believe what is stated on that document -- and to convey that each and every defendant is acting in a lawful capacity. However, the facts prove that none of the defendants is entitled to foreclose or to have any interest in property. None of the defendants had presented any admissible evidence to prove their standing.

Defendants clearly have a purposeful attempt to deceive Plaintiffs and to commit fraud upon the Court in order to receive a benefit to themselves -- the sale of property.

Defendants' reputation is clearly one of dishonesty.

Defendants' concealment or misrepresentation does not require proof that
Plaintiffs were ignorant of the deception and reasonably relied on the deceptive practice to their detriment. *Compare Echols* v. Beauty Built Homes, Inc.,, 132 Ariz. 498, 500, 647 P.2d 629, 631 (1982).

Plaintiffs should not be required to be ignorant, to be fooled into the sale of their property, and then sue afterwards for fraud.

The fraud cause of action is justifiable when the falsehood and is representation is discovered -- and prior to Plaintiffs relying on it and suffering injury from it.

Plaintiffs' lawsuit is a clear indication that Plaintiffs discovered the Defendants' deceit before foreclosure sale took place.

Thus, the concealment or misrepresentation defense is essentially the equivalent of fraud in the context of defending a foreclosure action.

### *WaMu RECEIVERSHIP*

Plaintiffs are not a party to the Purchase and Assumption Agreement -- and not subject to its terms.

There is no evidence that Chase acquired the Note related to the Property subject to this litigation.

There is no evidence that the acquisition of the Note is subject to the Purchase and Assumption Agreement.

Defendants did not clarify if the filing of claims with the FDIC regarding WaMu include claims made by homeowners -- or only claims made by other corporate entities.

Plaintiffs move the court to allow time for discovery so that Plaintiffs could acquire a copy of pertinent documents such as Purchase and Assumption Agreement.

Defendant Chase acknowledges that WaMu is a failed institution.

Plaintiffs move the Court for a judgment against Defendant WaMu that it has no legal or equitable right, claim, or interest in said Note and Property.

Plaintiffs also move the Court for a judgment against Defendant STA that it has no legal or equitable right, claim, or interest in said Note and Property.

## QUIET TITLE STANDARDS

Defendants cite the quiet title standards pursuant to ARS §12-1102.

Plaintiffs do meet those criteria on pages 19 and 20 of their First Amended Complaint which was under oath by being notorized.

Defendants had not presented any proof of the alleged debt, its amount, the general ledger, the account number, their standing, their entitlement to payment, etc.

Plaintiffs cannot pay a debt that Defendants refuse to validate (Plaintiffs' exhibit 1)

Plaintiffs' Exhibit 1 amounts to a conditional performance -- if Defendants would validate the debt, then Plaintiffs would enter into a negotiation for its payment.

Defendants Chase, WaMu, and CRC failed to provide any validation. As a result, they are in default and any claim they may have against Plaintiffs has been waived.

## *STA'S ROLE*

Plaintiffs' Exhibit 2 was introduced into evidence for the sole purpose to enable the court to see the dishonesty of Defendants in acting as if they have authority to act in the manner in which they acted.

In its motion to dismiss, STA pretended as if it has nothing to do with the foreclosure -- while its name is on a foreclosing document.

STA never specifically denied its involvement in the foreclosure process, while it never explained the reasoning behind having its name on the Notice of Trustee's Sale.

Plaintiffs are not aware of any fact that would justify the role or STA in this particular foreclosure or the Property.

Exhibit 2 says: "Maricopa Electronic Recording; Recorder: Helen Purcell; Security Title Agency . . ."

The recorder's office may be implying that Security Title Agency is the party recording the Notice of Trustee's Sale.

Based on Exhibit 2, it is evident that STA is fraudulently acting as a trustee -- without any evidence on record to prove that it is a trustee of the trust deed being foreclosed.

In the meantime, Exhibit 2 says that "RECORDING REQUESTED BY CALIFORNIA RECONVEYANCE COMPANY" (CRC).

The Document claims that recording is being requested by CRC while the actual party that presented the document for recording was STA.

Plaintiffs are not aware of the reasons as to what entitles Defendant STA to have its name on the Notice of Trustee's Sale.

Plaintiffs deny that STA has any right in Plaintiffs' Property.

STA's fraud is a fraud by concealment or misrepresentation. The misrepresentation was clear and evident (in a recorded foreclosing document) which shows STA's involvement in a foreclosure attempt while it has no authority or capacity to do so.

STA is concealing or misrepresenting its true role in the foreclosure and the attempted property sale.

Based on the content of STA's Motion to Dismiss, it is evident that STA lacks a single evidentiary document to support any justification to be a foreclosing party and to record a foreclosing document.

## STA'S ARGUMENTS

Plaintiffs' causes of action in their First Amended Complaint were clear.

When a cause of action refers to "Defendants" it means all Defendants.

Therefore, the causes of action against STA are as follows:

| | |
|---|---|
| FIRST CAUSE OF ACTION: | Failure to Comply with 12 U.S.C. 1701x(c) (5) |
| SECOND CAUSE OF ACTION: | Failure to Comply with *Mansour* |
| THIRD CAUSE OF ACTION: | Violation of 15 USC 1692 |
| FOURTH CAUSE OF ACTION: | Defendant STA's Fraud |
| SEVENTH CAUSE OF ACTION: | failure to meet the notice requirements |

EIGTH CAUSE OF ACTION:            Injunctive Relief pursuant to A.R.S. §12-1801

NINTH CAUSE OF ACTION:            Relief by Foreclosure Accounting

TENTH CAUSE OF ACTION:            Unfair Debt Collection Practices & Predatory Lending

ELEVENTH CAUSE OF ACTION: Constitutional Violations

TWELVETH CAUSE OF ACTION: Defendants Lack Standing to Foreclose.

THIRTENNTH CAUSE OF ACTION:      Defendants Did Commit Fraud

FOURTEENTH CAUSE OF ACTION:      QUIET TITLE TO 3964 E. Expedition Way, Phoenix, Arizona 85050.

Plaintiffs cited enough facts, in short and plain statements.

Defendant STA is liable for all these causes of action for seeking to foreclose without meeting the requirements of 12 U.S.C. 1701x(c) (5), of *Mansour*, and of 15 USC 1692 .

STA, as a foreclosing party, failed to meet standing, accounting and notice requirements. It never validated any debt on which basis it is foreclosing.

Plaintiffs are about to lose their property as a result of STA's fraud, misrepresentation and misconduct.

The document that would support Plaintiffs' assertion to STA's involvement in the foreclosure is Exhibit 2 -- which was introduced solely to show the names of parties involved, and for no other purpose.

The facts that would support STA's involvement is STA's arguments -- which never denied involvement in the foreclosure attempt and never denied having its name on foreclosure documents.

All the causes of action un-rebutted by STA -- the First, Second, Third, Seventh, Eighth, Ninth, Tenth, Eleventh, Twelveth, Thirteenth, and Fourteenth have been conceded.

Plaintiffs move the Court to enter a default judgment against STA on all these causes of action.

## STA'S REQUEST FOR ATTORNEY FEES

There is no contract between Plaintiffs and STA that would entitle STA for attorney fees.

The lack of honesty in STA's Motion to Dismiss, its lack of clarifying its role in the foreclosure

process affecting the Property, indicates that STA is concealing or misrepresenting material facts concerning the foreclosure at issue here -- thereby precluding any award of attorney fees.

Due to the concealment or misrepresentation, Plaintiffs move the Court to impose sanctions on STA and its law firm -- as well as punitive damages.

Plaintiffs filed this lawsuit as a result of Defendants' misconduct. It is Defendants that should bear the cost of Plaintiffs' litigation due to Defendants' misrepresentation.

It is Defendants' conduct that brought about this litigation by issuing a Notice of Sale without any valid explanation as to their standing in doing so.

It is Defendant Chase's refusal to respond to inquiries made by Plaintiffs that brought about this litigation.

Defendants' conduct has caused this proceeding to take place.

Defendants continue to defend their position without substantial justification as to their entitlement to foreclose.

Defendants Chase and CRC -- never responded to Plaintiffs' inquiries.

Defendant STA never explained the reason for having its name on a foreclosing document.

Defendant STA cited A.R.S. §12-349.

However, STA is delaying the proceeding in violation of §12-349 when it fails to equivocally state its role in the foreclosure process.

If STA is not involved in the foreclosure, then Plaintiffs would be willing to drop its name from this litigation.

If STA does have a role in the foreclosure process, then STA owes the Court and Plaintiffs an explanation as to what that role is.

However, STA failed to clearly state its position with regard to the foreclosure process -- especially since it has its name listed for recording a Notice threatening to foreclose.

The lack of any STA explanation casts doubt about STA's credibility and is unreasonably delaying the proceeding. Therefore, STA should be sanctioned pursuant to A.R.S. §12-349.

STA failed to provide any evidentiary materials or explanation that would render a reasonable person to consider it innocent in this foreclosure process.

## **STA'S MOTION FOR A MORE DEFINITE STATEMENT**

Plaintiffs have no problem providing a more definite statement. However, STA's request for a more definite Statement was not in itself "definite" or clear as to what issue STA seeks clarification.

All the causes of actions that refer to "Defendants" are directed against all defendants.

If STA considers itself not to be liable, then all it has to do is declare that it has no interest in subject property and no involvement in the foreclosure process.

STA cannot list itself on a foreclosing document -- and then pretend not to be involved in the foreclosure of Plaintiffs' property.

By being involved in foreclosure would entitle Plaintiffs to any applicable relief against it.

If STA offers an affidavit stating that it has no interest in subject property and no involvement in the foreclosure process, then Plaintiffs would drop its name as a Defendant from this litigation.

## CONCLUSION

Plaintiffs allege that the claim of any Defendant to an interest in the property adverse to Plaintiffs is without any merit whatsoever, and said Defendant has no legal or equitable right, claim, or interest in said property.

Plaintiffs therefore seek a declaration that the title to the subject property is vested in Plaintiffs alone and that the Defendants herein, and each of them, be declared to have no estate, right, title or interest in the subject property and that said defendants, and each of them, be forever enjoined from asserting any estate, right, title or interest in the subject property adverse to plaintiff herein.

The Courts should prevent invalid foreclosures, and should not encourage fraudulent foreclosures.

WHEREFORE, Plaintiffs moves the Court for a judgment against defendants and each of them, as follows:

For an order compelling said Defendants, and each of them, to transfer legal title and possession of the subject property to Plaintiffs herein;

For a declaration and determination that Plaintiffs are the rightful holder of title to the property and that Defendants herein, and each of them, be declared to have no estate, right, title or interest in said property;

For a judgment forever enjoining said Defendants, and each of them, from claiming any estate, right, title or interest in the subject property;

For costs of suit herein incurred;

For such other and further relief as the court may deem proper

## VERIFICATION

I, George M. Walker, am a Plaintiff in the above-entitled action. I have read the foregoing and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

I declare that the foregoing is true and correct to the best of my knowledge and that this declaration was executed at _Phoenix AZ_

_____          Date: _5/4/2011_
George M. Walker


I, Diane Walker, am a Plaintiff in the above-entitled action. I have read the foregoing and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

I declare that the foregoing is true and correct to the best of my knowledge and that this declaration was executed at _Phoenix AZ_.

_____          Date: _5/4/2011_
Diane Walker

## NOTARY

STATE OF ARIZONA
COUNTY OF MARICOPA
This instrument was acknowledged before me
This _4th_ day of _May_, 20_11_
In witness whereof I herewith set my hand
and official seal.
_____ NOTARY PUBLIC

BEAU BURKHOLDER
Notary Public - Arizona
Maricopa County
My Commission Expires
APRIL 8, 2015

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and exact copy of the above has been furnished by U.S. Mail on this _____ day of May, 2011 to the following:

Washington Mutual Bank, F.A.
2273 N. Green Valley parkway
Suite 14
Henderson, NV 89014

JP MORGAN CHASE BANK N.A.
7301 Baymeadows Way
Jacksonville, FL 32256

CALIFORNIA RECONVEYANCE COMPANY
9301 Corbin AVEWNUE
Northridge, CA 91324

SECURITY TITLE AGENCY
8800 E. Rantree Dr. Ste. 120
Scottsdale, AZ 85260

_/s/ George M. Walker_
George M. Walker