___ ✓ FILED        ___ LODGED
___ RECEIVED   ___ COPY

MAY 1 6 2011

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ Z- DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

George M. Walker                                )
Diane W. Walker                    H/W          )
    Plaintiffs                               )          No. CV: 11-0584-PHX-SRB
                                             )
    Vs.                                      )
                                             )
Washington Mutual Bank, F.A., et al.            )
    Defendants                               )          **TRIAL-BY-JURY REQUESTED**
_____ )

-----------------------------------------

**George M. Walker and Diane W. Walker are before this court by special appearance without waiving any rights remedies or defenses, statutory or procedural.**

-----------------------------------------

### NOTICE OF FRAUD

COME NOW Plaintiffs and file this Notice of Fraud to shed more light on Defendant JPMorgan Chase ("JPMC")'s attempt to fraudulently convert title to Plaintiffs' property -- while Defendant JPMC lacks standing or entitlement to foreclose.

JPMC attached to its Motion to Dismiss of 4/18/2011 excerpts of the so-called Purchase and Assumption Agreement ("PAA") as prima fascia evidence.

The PAA between JPMC and the FDIC was intended to convey the impression that JPMC purchased certain assets of WaMu. JPMC sought to make the Court believe that it is the Owner / Holder of the Mortgage NOTE being foreclosed and subject to Plaintiffs' Property.

However, in the case styled UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA, case number 09-CV-01656-RMC, Document 55-1, styled DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for the Trusts listed in Exhibits 1-A and 1-B, Plaintiff, vs. FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver for Washington Mutual Bank; JPMORGAN CHASE BANK, National Association; and WASHINGTON MUTUAL MORTGAGE SECURITIES CORPORATION, Defendants; JPMorgan Chase herein pleads, on page 33. of 39:

"Under the plain terms of that agreement, ***JPMC did not become WMB's successor in interest***. Since its closure, the FDIC as receiver has controlled WMB. While JPMC purchased all of the assets of WMB, it ***assumed only specified liabilities: those that had been reduced to a dollar amount on WMB's 'general ledger and subsidiary***

*ledgers* and supporting schedules which support the general ledger balances.'"

It is the admission of JPMC and WaMu's attorneys in case number 09-CV-01656-RMC that "***JPMC did not become WMB's successor in interest***."

As a result, JPMC is NOT the successor in interest to WaMu with regard to the Mortgage and Note related to the Property at issue in this case.

Because JPMC *"assumed only specified liabilities: those that had been reduced to a dollar amount on WMB's 'general ledger and subsidiary ledgers . . . ",* JPMC is required in this case to submit into evidence the part(s) of WaMu's *"general ledger and subsidiary ledgers"* where it shows that the loan in question was transferred to JPMC. In the absence of such evidence, JPMC is not entitled to any right, title, or interest in the Property -- and Plaintiffs would be entitled to a quiet title against WaMu and JPMC.

Furthermore, it could be possible that WaMu sold this Mortgage NOTE out right to a third party [true sale] long before its seizure by the FDIC.

Also, at the time of its acquisition by the FDIC, WaMu, could have been a servicer -- and not Lender. JPMC could have only acquired servicing rights, if any, by the PAA.

Section 2.1 of the P&A Agreement (which was not provided by JPMC in this case as part of JPMC's excerpt from the PAA) provides in pertinent part:

> Liabilities Assumed by Assuming Bank. . . . [T]he Assuming Bank expressly assumes at Book Value . . . And agrees to pay, perform, and discharge, all of the liabilities of the Failed Bank which are reflected on the Books and Records of the Failed Bank as of Bank Closing . . . . [T]he Assuming Bank specifically assumes all mortgage servicing rights and obligations of the Failed Bank.

It is clear that JPMC assumed WaMu's "mortgage servicing rights and obligations." JPMC did not assume ownership of the Note or debt.

Therefore, Plaintiffs are entitled to a judgment against JPMC for quiet title since JPMC did not acquire the Note or title to Plaintiffs' property from WaMu.

JPMC, and all other defendants, failed to provide any admissible evidence as to the ownership of the alleged debt.

Pursuant to JPMC and WaMu's attorneys in case number 09-CV-01656-RMC, There is no bona fide dispute that the FDIC retained *all* liabilities of the failed bank *except* those that had a "Book Value" as of September 25, 2008, when WMB was closed.[1]

Book Value is defined in the P&A Agreement as "the dollar amount [of an assumed liability] stated on the Accounting Records of the Failed Bank," and "Accounting Records" are

---

[1] Case number 09-CV-01656-RMC, Document 55-1, page 34 of 39.

specifically defined as limited to "the general ledger and subsidiary ledgers and supporting schedules which support the general ledger balances."[2]

Since JPMC has not provided any admissible evidence to prove that the alleged loan in question in this case was a "liability" which had a "Book Value" as of September 25, 2008, the Court should enter a judgment against JPMC — based on the words of the P&A Agreement and JPMC's attorneys.

"Judgment can be entered immediately stating that if WMB's general ledger, subsidiary ledgers and supporting schedules did not, as of September 25, 2008, identify a liability with a stated dollar value, JPMC did not assume it. *See Viola* v. *Fleet Bank of Maine*, No. 95-141, 1996 WL 498390, at *2-3 (D. Me. Feb. 27, 1996) (holding that a functionally identical provision did not transfer liability beyond book value as stated on the failed bank's accounting records)."[3]

## CONCLUSION

JPMC lacks standing to foreclose on Plaintiffs' property.

Once standing is challenged, it must be established by the party claiming to have standing.

There is no evidence on record to prove that JPMC acquired the Note and Mortgage related to Plaintiffs' property.

If said Note and Mortgage were acquired, there is no evidence as to what rights JPMC acquired regarding said Note and Mortgage.

No further proof of any kind should be required of Plaintiffs until JPMC presents admissible evidence to prove its standing and entitlement to foreclose -- and the specific rights, if any, it has in the Note, Mortgage, or Property.

State law requires that the right and standing to enforce a mortgage contract be legally established before someone's home can be taken by them in foreclosure.

This court's rules of procedure and evidence guarantee to all parties before it equal justice and equal protections of the law no matter who one's adversary is or what type of contract they are claiming the rights to enforce.

The Debtor's rights to make a defense on standing and force a party to prove they have it cannot be superseded or abrogated -- in order to protect the Debtor's constitutional rights, both state and federal.

WHEREFORE, Plaintiffs moves the Court for a judgment against defendants and each of them, as follows:

---

[2] Case number 09-CV-01656-RMC, Document 55-1, page 34 of 39.
[3] Case number 09-CV-01656-RMC, Document 55-1, page 35 of 39.

For a declaration and determination that Plaintiffs are the rightful holder of title to the property and that Defendants herein, and each of them, be declared to have no estate, right, title or interest in said property;

For a judgment forever enjoining said Defendants, and each of them, from claiming any estate, right, title or interest in the subject property;

For costs of suit herein incurred;

For such other and further relief as the court may deem proper

**VERIFICATION**

I, George M. Walker, am a Plaintiff in the above-entitled action. I have read the foregoing and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

I declare that the foregoing is true and correct to the best of my knowledge.

George M. Walker                                Date: 5/16/2011

I, Diane Walker, am a Plaintiff in the above-entitled action. I have read the foregoing and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

I declare that the foregoing is true and correct to the best of my knowledge.

Diane W. Walker                                Date: 5/16/11

STATE OF ARIZONA
COUNTY OF MARICOPA
This instrument was acknowledged before me
This 16 day of May 20 11
In witness whereof I herewith set my hand
and official seal.
                          NOTARY PUBLIC

BEAU BURKHOLDER
Notary Public - Arizona
Maricopa County
My Commission Expires
APRIL 8, 2015

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and exact copy of the above has been furnished by U.S. Mail on this 16th day of May, 2011 to the following:

Douglas C. Erickson, Esq.
Daniel D. Maynard, Esq.
Maynard Cronin Erickson Curran & Sparks, PLC
3200 North Central Avenue
Suite 1800
Phoenix, Arizona 85012

Kimberly A. Lane, Esq.
Brian J. Cosper, Esq.
Fidelity National Law Group
2355 East Camelback Road
Suite 900
Phoenix, Arizona 85016

George M. Walker