Douglas C. Erickson, No. 012130
Daniel D. Maynard, No. 009211
**MAYNARD CRONIN ERICKSON
CURRAN & SPARKS, P.L.C.**
3200 North Central Avenue, Ste. 1800
Phoenix, Arizona  85012
(602) 279-8500
derickson@mmcec.com
dmaynard@mmcec.com

Attorneys for JPMorgan Chase Bank, N.A.,
as acquirer of certain assets and liabilities of
Washington Mutual Bank from the Federal Deposit
Insurance Corporation acting as receiver, and
California Reconveyance Company

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| George M Walker and Diane W. Walker, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>Washington Mutual Bank, F.A.; JPMorgan Chase Bank N.A.; California Reconveyance Company; Security Title Agency,<br><br>Defendants. | No. CV11-0584-PHX-SRB<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT** |

  Defendants JPMorgan Chase Bank, N.A. ("Chase"), as acquirer of certain assets and liabilities of Washington Mutual Bank ("WaMu") from the Federal Deposit Insurance Corporation ("FDIC") acting as receiver, and California Reconveyance Company ("CRC") (the "Moving Defendants") respectfully submit this reply in support of their motion to dismiss. The reply is supported by the following memorandum of points and authorities, and the Court's record, which are incorporated herein.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Although Plaintiffs deny that they are asserting a "show me the note" case, the allegations of their Complaint indicate otherwise. Even in their response, Plaintiffs continue to complain that there "is not sufficient proof that [Chase] acquired the specific loan subject to this litigation." Response, at 3. And, "Defendants herein failed to produce the contract, the Note, or the Deed upon which they assert their right to foreclose." Response, at 5. "Defendants' [sic] attempt to foreclose without providing any admissible evidence that would entitle them to foreclose." Response, at 7. "None of the defendants had presented any admissible evidence to prove their standing." Response, at 8. They repeat this type of assertion often enough that it should be apparent that they seek that to which they are not entitled: showing of the note.

**I.   The Motion to Dismiss Standard**

Plaintiffs do not dispute the standards properly set forth in the Motion to Dismiss.

**II.   The Complaint Violates Basic Pleading Rules.**

Although Plaintiffs dispute that their Complaint is defective, they do not explain how they believe it satisfies Rules 8 or 10. For purposes of this Motion to Dismiss, however, the lack of compliance with these rules is not what causes their Complaint to fail to state a claim upon which relief can be granted. That shortcoming is a substantive failure for which Plaintiffs do not offer any cure.

**III.   WaMu Receivership May Preclude Claims.**

For clarification, WaMu is not appearing in this action through undersigned counsel. In fact, WaMu cannot be sued at all until Plaintiffs exhaust certain administrative remedies, and then it can only be sued in certain jurisdictions, and Arizona is not one of them. *See* Motion to Dismiss, at 3-6.

**IV.     "Show Me The Note" Theory Does Not State a Claim.**

To the extent Plaintiffs' Complaint does depend on any "show me the note" theory or derivative thereof, it should be dismissed. Plaintiffs do not persuasively challenge this proposition.

**V.      RESPA and FDCPA Do Not Provide a Basis for Recovery.**

Plaintiffs do not articulate any viable claim under federal law. They devote significant space to discussing 16 C.F.R. § 433.2, but that regulation does not apply to the note or deed of trust involved in this case.

> Perhaps to bolster a type of assignee liability theory, the SAC refers to the Federal Trade Commission ("FTC") Holder Rule, 16 C.F.R. § 433.2. *See* SAC ¶ 32. Under the Holder Rule "a consumer-debtor may assert against a creditor-assignee of a consumer credit contract any and all affirmative claims for recovery, as well as defenses, that the consumer-debtor would be entitled to assert against the seller had the contract not been assigned." *State ex rel. Stenberg v. Consumer's Choice Foods, Inc.*, 276 Neb. 481, 755 N.W.2d 583, 589 (Neb. 2008) (quoting *Beemus v. Interstate Nat'l Dealer Servs.*, 2003 PA Super 177, 823 A.2d 979, 986 (Pa. Super. 2003)). ***The FTC Holder Rule, however, does not apply to mortgage loans.***

*Araki v. Bank of Am.*, 2010 U.S. Dist. LEXIS 140652 (D. Haw. 2010)(emphasis added). Additionally, the Fair Debt Collection Practices Act simply does not apply here for the reasons given in the Motion to Dismiss.

**VI.     Fraud**

Plaintiffs do nothing to rehabilitate their various fraud claims, including concealment and misrepresentation. Their claims seem focused on what they characterize as the "fraudulent conversion of their property" (Complaint, at 13), and concealment as to the role of various entities. But whether it is viewed common law fraud or statutory consumer fraud, Plaintiffs have stated no viable claim.

3

**VII.   Quiet Title**

In addition to being unable to meet the statutory requirements to plead this cause of action, there is a more fundamental failing, which Plaintiffs do not dispute. They have not and cannot allege that they have paid off their loan. As a matter of law, therefore, quiet title cannot be granted. *Salazar v. Lehman Bros. Bank*, 2010 U.S. Dist. LEXIS 108737 *17 (D. Ariz. 2010).

**VIII.   Conclusion**

There is no viable legal claim stated here. To the extent Plaintiffs challenge the involvement of Security Title Agency, those claims are not addressed herein because they are not relevant to the Moving Defendants. Moreover, Plaintiffs have now stipulated to dismiss Security Title Agency from the case. Under all the circumstances, Chase and CRC request that the Court dismiss the Complaint, with prejudice.

RESPECTFULLY SUBMITTED this 17th day of May, 2011.

**MAYNARD CRONIN ERICKSON CURRAN & REITER, P.L.C.**

By /s/Douglas C. Erickson
Douglas C. Erickson
Daniel D. Maynard
3200 N. Central Ave., Ste. 1800
Phoenix, AZ 85012
Attorneys for JPMorgan Chase Bank, N.A., as acquirer of certain assets and liabilities of Washington Mutual Bank from the Federal Deposit Insurance Corporation acting as receiver, and California Reconveyance Company

**ORIGINAL** of the foregoing e-filed this 17th day of May, 2011, with:

Clerk of the Court
United States District Court
401 W. Washington St.
Phoenix, AZ 85003

4

1  **COPY** of the foregoing delivered via ECF this 17th day of May, 2011, to:

2  Honorable Susan R. Bolton
United States District Court
3  401 W. Washington St.
Phoenix, AZ 85003

4  **COPY** of the foregoing mailed this 17th day of May, 2011, to:

5
George and Diane Walker
6  3964 E. Expedition Way
Phoenix, AZ 85050
7  Plaintiffs pro se

8  By /s/Stacey Tanner