Douglas C. Erickson, No. 012130
**MAYNARD CRONIN ERICKSON**
**CURRAN & REITER, P.L.C.**
3200 North Central Avenue, Ste. 1800
Phoenix, Arizona 85012
(602) 279-8500
derickson@mmcec.com

Attorneys for JPMorgan Chase Bank, N.A.,
as acquirer of certain assets and liabilities of
Washington Mutual Bank from the Federal Deposit
Insurance Corporation acting as receiver, and
California Reconveyance Company

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| George M Walker and Diane W. Walker, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>Washington Mutual Bank, F.A.; JPMorgan Chase Bank N.A.; California Reconveyance Company; Security Title Agency,<br><br>Defendants. | No. CV11-0584-PHX-SRB<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR QUIET TITLE** |

Defendants JPMorgan Chase Bank, N.A. ("Chase"), as acquirer of certain assets and liabilities of Washington Mutual Bank ("WaMu") from the Federal Deposit Insurance Corporation ("FDIC") acting as receiver, and California Reconveyance Company ("CRC") respectfully submit this Reply in Support of Motion to Dismiss First Amended Complaint. This reply is supported by the following Memorandum of Points and Authorities, and the Court's record, which are incorporated herein.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiffs have responded to the pending Motion to Dismiss with an "Opposition" that exceeds the page limit imposed by LRCiv 7.2(e). For their non-compliance, the Court could summarily grant the Motion to Dismiss. LRCiv. 7.2(i)("non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily."). However, two things are clear from the Opposition. First, Plaintiffs' have no legitimate defense to the Motion to Dismiss. Second, they do not actually consent to granting of that motion. Therefore, Defendants submit this short reply in support of their motion. (Defendants will not be addressing Plaintiffs' statements that are obviously erroneous or completely irrelevant to the discussion at hand, like their observations about lack of a signed document authorizing Defendants' counsel to appear and represent them in this matter. *See* Opposition ¶¶ 6, 9.)

**I.    The Motion to Dismiss Standard**

Plaintiffs do not dispute the legal standards properly set forth in the Motion to Dismiss. They do dispute that the Court can consider the deed of trust at issue here and its riders. Plaintiffs' objections, however, are not well taken. They argue that the documents are not "authenticated." Opposition ¶ 14. But in arguing that the Court may not consider the document, Plaintiffs are mistaken. It is their FAC that relies on the deed of trust, among other things. Notably, Plaintiffs do not credibly dispute the authenticity of the document. They do not deny borrowing money or securing the loan through the deed of trust. Nor would they likely do so under oath, where they actually made the payments required for years before defaulting. As a recorded, public document, the deed of trust is subject to their or the Court's review, on line even. It is a type of document that the federal and state courts are routinely taking judicial notice of or otherwise considering in these types of cases. Nor do Plaintiffs dispute that "[a] district court . . . may consider documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to

the [plaintiff's] pleading.'" *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superceded on other grounds by statute*. Presumably, when the Ninth Circuit says no party questions a document's authenticity it means that there is no *legitimate* question about its authenticity. Whether the Court considers Defendants' exhibits or not, the FAC fails to state a claim, as a matter of law.

**II.    WaMu Receivership Precludes Many of the Claims.**

Plaintiffs do not meaningfully respond to this argument, but there is not much that can be said. Plaintiffs do cite to regulations pertaining to "consumer credit contracts." However, such regulations are plainly inapplicable here.

> Plaintiffs' reliance on the FTC Holder Rule is also misplaced. First, the Rule, which requires that certain language be included in "consumer credit contracts," does not apply to mortgage loans. 16 C.F.R. § 433.2 (2005); *In re Woodsbey*, 375 B.R. 145, 150 (Bankr. W.D. Pa. 2007)); *Johnson v. Long Beach Mortgage Trust*, 2001-04, 451 F. Supp. 2d 16, 55 (D.D.C. 2006). Second, even if notice had mistakenly been included in the plaintiffs' mortgage note pursuant to the FTC Holder Rule, the Truth in Lending Act's ("TILA") assignee liability provisions would trump the Rule and preclude Wells Fargo from incurring liability for the wrongs of others. *Ramadan v. Chase Manhattan Corp.*, 229 F.3d 194, 200-03 (3d Cir. 2000).

*Murphy v. FDIC*, 408 Fed. Appx. 609, 611 (3d Cir. 2010).

Plaintiffs also question whether Chase actually acquired the loans of WaMu. This is pure speculation on their part, and it is disproved by the record before this Court and by the countless times that federal and state courts have recognized the failure of WaMu and Chase's acquisitions of its loans from the FDIC. In this context, however, Plaintiffs' questioning of the sequence events is nothing more than a "show me the note" type of protest, which lacks legal merit as repeatedly held by this Court. The balance of Plaintiffs' comments about the WaMu receivership is simply a misstatement and misunderstanding of the transaction and the terminology employed that has no impact on Plaintiffs' case here.

3

### III. Quiet Title

Plaintiffs do not dispute the simple fact that allows the Court to forego any further analysis of their claim for quieting title. Because they do not allege to have repaid their loan in full, quiet title cannot be pursued. *Cestro v. LNV Corp.*, 2010 U.S. Dist. LEXIS 123278 * 9-10 (D. Ariz. 2010); *Salazar v. Lehman Bros. Bank*, 2010 U.S. Dist. LEXIS 108737 *17 (D. Ariz. 2010). Nor do Plaintiffs offer any explanation as to why the rules recognized in these cases would not apply to them.

### IV. Violation of 12 U.S.C. § 1701x (Count 1)

It is still unclear what Plaintiffs' claim is under this statute. Plaintiffs do not cite any authority allowing them to bring a claim under the statute or explaining how it might apply here. They do not point to any particular violation of the statute that is subject to remedy (or penalty) in this Court. Therefore, the count should be dismissed.

### V. Failure to Company with *Mansour* (Count 2)

Plaintiffs' Opposition makes clear that they are relying upon a discussion in *Mansour* of statutes that the Court held did *not* apply in the context of exercising a power of sale under a deed of trust. Thus, no claim upon which relief can be granted has been stated.

### VI. Unfair Debt Collection Practices and Predatory Lending (Counts 3 and 10)

Because Defendants are not "debt collectors" within the meaning of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*, Plaintiffs cannot state a cause of action under the statute. They weave into their response basic "show me the note" arguments, but those have been repeated rejected by the Arizona District Court, and as of yesterday, by the Arizona Court of Appeals. *Hogan v. Washington Mutual Bank*, 1 CA-CV 10-0383, ___ Ariz. Adv. Rep. ___, ___P.3d ___ (Ct. App. 2011)(copy attached hereto as Exhibit A because the decision is not yet available through Lexis). Plaintiffs also fail to allege specific statutory violations or explain why the statutory exemptions for banks and lending institutions under state law would not apply here. Therefore, they have failed to state a claim,

4

and their Opposition does nothing to explain or alleviate those defects.

**VII.   Security Title Agency's Fraud (Count 4)**

Plaintiffs appear to conceded that this claim is not directed at the Moving Defendants.

**VIII.  CRC's Fraud (Count 5)**

Plaintiffs' FAC did not, and their Opposition does not, offer any explanation as to how they have stated a viable claim against CRC. Both filings contained a number of mistaken legal conclusions and Plaintiffs' own (unfounded) assertions as to who was entitled to choose a trustee or substitute trustee, but nowhere could one find a claim upon which relief can be granted as to CRC in the FAC. For that reason, dismissal is appropriate.

**IX.    Fraud by Chase and WaMu (Counts 6 and 13)**

Simply put, the FAC plainly fails well-established standards for stating a fraud claim. *See Nielson v. Flashberg*, 101 Ariz. 335, 338, 419 P.2d 514, 517 (1966); *Lancaster Community Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991). The "misrepresentations" Plaintiffs discuss in their Opposition apparently refer to arguments made in the Motion to Dismiss rather than something they identified in the FAC. But in any event, Plaintiffs have failed to state a claim, as a matter of law. And, their suggestion that a default be entered against WaMu is frivolous in that the Court is without jurisdiction to even consider such claims. 12 U.S.C. § 1821(d)(13)(D).

**XII.   Notice (Count 7)**

Venturing back to the FAC, particularly ¶¶ 111-14, one can discern no claim being stated. Plaintiffs allege generally that "Defendants failed to meet the notice requirements outlined by the terms of the Deed of Trust." FAC ¶ 111. That is the only allegation as to any "notice." This very general allegation lumps all defendants together, fails to identify any specific deficit in notice, is largely a legal conclusion as stated, and because no trustee's sale has occurred, it is also not ripe for adjudication. Moreover, it is inconsistent with Plaintiffs' allegation that they received the notice of trustee's sale (FAC ¶¶ 7-8), and Plaintiffs do not

credibly dispute that they were in default.[1]

### XIII. A.R.S. § 12-1801 (Count 8)

Plaintiffs are unable to pursue an injunction in light of the absence of any viable cause of action.

### XIV. Accounting (Count 9)

Plaintiffs offer nothing but their own insistence that they are entitled to an accounting, and insults directed at counsel. They do not put forth any authority to support their position, and they are not entitled to an accounting. *Wright v. Chase Home Finance LLC*, 2011 U.S. Dist. LEXIS 58977 *7-8 (D. Ariz. 2011)("In Arizona, actions for an accounting are usually reserved to parties in a fiduciary relationship. . . . Because plaintiff fails to identify any claim under which she is entitled to an accounting, we dismiss her request for an accounting." *Id.*).

### XV. Constitutional Claims (Count 11)

Plaintiffs appear to concede that there is no state action here. Therefore, there can be no claim for a due process violation.

### XVI. Standing (Count 12)

Plaintiffs' Opposition is somewhat nonsensical on this subject. They appear to concede they have no claim as it relates to "standing." And, such is the law. *See Contreras v. U.S. Bank*, 2009 U.S. Dist. LEXIS 121944 *6 (D. Ariz. 2009)*; Mansour v. Cal-Western Reconveyance Corp.*, 618 F. Supp. 2d 1178, 1181 (D. Ariz. 2009). *See also Hogan v. Washington Mutual Bank*, 1 CA-CV 10-0383, ___ Ariz. Adv. Rep. ___, ___P.3d ___ (Ct. App. 2011)(Exhibit A hereto).

---

[1] Plaintiffs dispute that they are "in default on any debt to Chase or CRC." *E.g.,* FAC ¶ 154. They are able to con themselves into such an allusion based on their belief that because no one has *proven* to them that Chase acquired their loan, they owe no debt to Chase. This assertion fails as a "show me the note" objection. What Plaintiffs do not and cannot deny is that they borrowed money, secured the loan through a deed of trust, and defaulted on those repayment obligations.

6

**XVII. Conclusion**

The balance of Plaintiffs' Opposition consists largely of objections to the type of documents that the courts in this district have been considering routinely in these types of cases where borrowers attempt to shirk their obligation to pay back the money that was lent to them -- in this case, $1.4 million. The exhibits to the Motion to Dismiss are appropriate for the Court's consideration in this context. Even if they were not considered, Plaintiffs could not be found to have stated legally viable claims.

Plaintiffs also attach a two page order from a Florida case involving a *judicial* foreclosure, which this Court knows from experience is not relevant to Plaintiffs' efforts to avoid a *non-judicial* trustee's sale here. And finally, Plaintiffs attach some of their correspondence to undersigned counsel, sent in their attempt to conduct unauthorized discovery. In each case, Plaintiffs' request was met with a response to the effect that once the Court and the rules allowed them to conduct discovery, full responses would be provided. *See*, *e.g.*, Exhibit B hereto.

For the reasons fully discussed in the Motion to Dismiss, the FAC should be dismissed, with prejudice, and Defendants should be awarded their costs and fees incurred herein, particularly in light of the exceptionally frivolous claims made by these plaintiffs.

RESPECTFULLY SUBMITTED this 27th day of July, 2011.

**MAYNARD CRONIN ERICKSON CURRAN & REITER, P.L.C.**

By /s/Douglas C. Erickson
Douglas C. Erickson
3200 N. Central Ave., Ste. 1800
Phoenix, AZ 85012
Attorneys for JPMorgan Chase Bank, N.A., as acquirer of certain assets and liabilities of Washington Mutual Bank from the Federal Deposit Insurance Corporation acting as receiver, and California Reconveyance Company

1 | **ORIGINAL** of the foregoing e-filed this 27th day of July, 2011, with:

2 | Clerk of the Court
United States District Court
3 | 401 W. Washington St.
Phoenix, AZ 85003
4 |
**COPY** of the foregoing delivered via ECF this 27th day of July, 2011, to:
5 |
Honorable Susan R. Bolton
6 | United States District Court
401 W. Washington St.
7 | Phoenix, AZ 85003

8 | **COPY** of the foregoing mailed this 27th day of July, 2011, to:

9 | George and Diane Walker
3964 E. Expedition Way
10 | Phoenix, AZ 85050
Plaintiffs pro se
11 |
By /s/Stacey Tanner
12 |