Name:          **George M. Walker**
               **Diane Walker H/W**
Address:       3964 E. Expedition Way
City, State, Zip: Phoenix, Arizona 85050
Phone          480-227-3100

*Representing Self, Without a Lawyer*

FILED _____ LODGED ____
_____ RECEIVED ____ COPY

OCT 2 4 2011

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| George M. Walker<br>Diane Walker          H/W<br>　　　　　Plaintiffs<br><br>　　vs<br><br>Washington Mutual Bank, F.A.<br><br>JP MORGAN CHASE BANK N.A.<br><br>CALIFORNIA RECONVEYANCE COMPANY<br>　　　　　Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

No. CV: 11-0584-PHX-SRB

**TRIAL-BY-JURY REQUESTED**

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT

**George M. Walker and Diane W. Walker are before this court by special appearance without waiving any rights remedies or defenses, statutory or procedural.**

--------------------------------------

COME NOW the Plaintiffs George M. and Diane Walker, husband and wife, and file this Opposition to Defendants' Motion to Dismiss.

Defendants failed to respond or negate many pertinent facts presented in Plaintiffs' Second Amended Complaint -- and thus those arguments were conceded.

Defendants failed to prove the existence of a valid or recorded lien in their name against the Property.

Defendants failed to prove the existence of a valuable consideration or that they incurred

any damages or injury caused by the Plaintiffs.

Plaintiffs assert that the power of sale was not complied with, that the attempted foreclosure sale is invalid, and that any title sought to be acquired by Defendants will be defective.

In summary, Defendants are seeking to get a free house through (1) misrepresentation of material facts, and (2) by ignoring relevant facts presented by the Plaintiffs.


## ARGUMENT

This complaint contains enough factual content to raise reasonable expectation that discovery will reveal evidence of the claims. *Twombly*, 550 U.S. at 556.

Defendants failed to address Plaintiffs' arguments count by count simply because Defendants have been defeated on numerous material facts and legal arguments presented by Plaintiffs -- which prove beyond any doubt that Defendants are committing fraud upon the Court and misrepresenting their own standing.

Plaintiffs move the Court to take a judicial notice of the following facts:


### *Fact #1*

Pursuant to A.R.S. §33-801(1), "Beneficiary" is defined as:

the person named or otherwise designated in a trust deed as the person for whose benefit a trust deed is given, or the person's successor in interest.

Firstly, Chase is not named in the Deed of Trust subject to this litigation.

Secondly, it is the admission of Chase's and WaMu's attorneys case number 09-CV-01656-RMC [Document 55-1 on page 33 of 39] that Defendant Chase "***did not become WMB's***

*successor in interest*."

Therefore, Defendant Chase is not the beneficiary and its attempt to foreclose without being the beneficiary is a fraudulent act aimed at committing a fraudulent conversion of title to Plaintiffs' Property.

### *Fact #2*

Defendants' motion to dismiss and its filings before this court failed to prove that the specific loan sought to be foreclosed was in fact sold by the FDIC to Defendant Chase or that the interest therein was otherwise legally acquired by Defendant Chase.

Chase failed to submit WaMu's *"general ledger and subsidiary ledgers"* where it shows that the loan in question was transferred to Chase.

In the absence of such evidence, Chase is not entitled to any right, title, or interest in the Property.

### *Fact #3*

Pursuant to Chase's and WaMu's attorneys in case number 09-CV-01656-RMC, there is no bona fide dispute that the FDIC retained *all* liabilities of the failed bank *except* those that had a "Book Value" as of September 25, 2008, when WMB was closed.[1]

Book Value is defined in the P&A Agreement as "the dollar amount [of an assumed liability] stated on the Accounting Records of the Failed Bank," and "Accounting Records" are specifically defined as limited to "the general ledger and subsidiary ledgers and supporting schedules which support the general ledger balances."[2]

---

[1] Case number 09-CV-01656-RMC, Document 55-1, page 34 of 39.
[2] Case number 09-CV-01656-RMC, Document 55-1, page 34 of 39.

Chase has not provided any admissible evidence to prove that the alleged loan in question in this case was a "liability" which had a "Book Value" as of September 25, 2008.

### Fact #4

On July 2, 2010 Plaintiffs had sent to Washington Mutual Bank and Chase Home Finance a Qualified Written Request (QWR).  Exhibit A

Defendants never responded to the QWR.

Defendants never denied receiving the QWR and failing to respond to it.

Pursuant to law, Plaintiffs are entitled to $1,000 per violation.

WHEREFORE, Plaintiffs respectfully move the Court to award Plaintiffs said damages as calculated at trial or by the court based on the QWR.

### Fact #5

Defendants' "Notice of Trustee's Sale" (hereinafter "Notice") was dated November 29, 2010 and received by Plaintiffs on or about December 13, 2010.

The Notice never stated that Plaintiffs were in default, and the date of the alleged default.

The Notice never explained how Defendants complied with the power of sale and the basis for their entitlement to exercise the power of sale.

### Fact #6

Plaintiffs George M. Walker and Diane Walker, husband and wife, are the SOLE owners of Property and have title to it.

Defendants never denied this fact and failed to submit any contrary evidence -- and thus was conceded.

### *Fact #7*

In response to the Notice, Plaintiffs sent Defendants a letter dated February 28, 2011 requesting a validation of the debt.

Defendants never validated the debt.

Defendants never denied receiving a request for the validation of debt and failing to respond to it.

### *Fact #8*

Plaintiffs did dispute the validity of the alleged debt to Chase.

Defendant Chase failed to present any admissible evidence to prove any debt owed by Plaintiffs to it.

Plaintiffs are not avoiding their payments obligations.

Plaintiffs simply do not owe any payment obligations to Chase, and Chase has not proven that it is entitled to any payments.

### *Fact #9 — Negligence*

Defendants Chase and CRC are seeking to foreclose without providing a single admissible evidence to support their entitlement to foreclose.

Defendants are unable to provide evidentiary materials that would meet the requirements of the Rules 901, 902, and 1002 of the Federal Rules of Evidence.

Defendants actually mock the civil and evidentiary rules of this court when theu claim on page 4 of their motion that Plaintiffs expect them to produce "some sort of paper trail."

Defendants think that they should be entitled to foreclose simply by showing up in court.

All the statements made by Defendants are statements made by the attorneys.

In their Motion, there is not a single affidavit filed from any officers of Defendants to substantiate anything the Defendants are saying.

The Arizona statutes specifically governing Deeds of Trust and trustee sales are set forth in A.R.S. §§33-801, et al.

These statutes set the floor of the duty of care for a foreclosing entity -- such as Chase and CRC.

Since Chase and CRC are not the original mortgagee and Trustee, since Chase is not a valid beneficiary pursuant to Arizona law as was proven herein and in the Second Amended Complaint, since CRC is not a valid substitute trustee, since Chase and CRC are not authorized to exercise the power of sale under Plaintiffs' Deed of Trust to which Chase and CRC are not a party and to which they do not have a valid assignment, since Chase and CRC failed to establish the validity of their claim by admissible evidence despite Plaintiffs' assertions, then Chase and CRC are liable for Negligence in foreclosure.

### *Fact #10 – Fraud*

The arguments presented by Plaintiffs clearly show that Chase and CRC made representations (in their pleadings and exhibits filed with this court) and which were false, material, with the knowledge of them being false, and with the intent to deceive both Plaintiffs and the court.

Once such an example of false material representation made by Chase is to convey the impression as if it is a beneficiary to Plaintiffs' Deed of Trust.

One example of false material representation made by CRC is its Notice of Trustee's Sale which aims at conveying the impression as if it is a valid trustee and Chase a beneficiary to Plaintiffs' Deed of Trust.

In their Notice of Trustee's Sale, both Chase and CRC conveyed the false impression that they are entitled to foreclose "pursuant to the power of sale under that certain Deed of Trust" -- while they never presented any admissible evidence to show an assignment to that Deed of Trust, that they actually acquired said Deed of Trust -- or to prove that the loan in question was transferred to Chase.

However, the arguments presented by Plaintiffs reveal that such "presumptions" are false.

In response to Plaintiffs' Second Amended Complaint, Defendants failed to rebut the facts listed herein.

In their Motion to Dismiss, Defendants even failed to assert that Chase is a successor in interest or that CRC is a valid beneficiary.

Defendants are seeking to get a free house, Plaintiffs' house, by relying on a mistake in technicalities made by the Plaintiffs -- rather than relying on their claims, which were proven lack any merit.

Plaintiffs are aware of Defendants' falsehoods and misrepresentations.  Plaintiffs are not ignorant of Defendants' misrepresentations and certainly do not rely on Defendants' falsehoods.

Plaintiffs are exposing these falsehoods to the court prior to them suffering an injury through the loss of their property and the loss of money which they had invested in that property.

Plaintiffs are not going to allow themselves to lose their property and then file a cause of action based on fraud.  Defendants' fraud is too obvious and can easily be discovered through a basic due diligence as has been shown by the arguments presented by Plaintiffs.

Plaintiffs should not be expected to rely on falsehoods and become injured as a result of misrepresentations before they are entitled to relief.

Based on the facts, it is obvious that Chase is not a valid beneficiary and CRC is not a

valid trustee.  By falsely pretending and acting as if they were the beneficiary and trustee, Defendants have committed fraud and misrepresentation.

In their motion to dismiss, Defendants failed to rebut and provide admissible evidence to prove that Chase is a beneficiary or that CRC is a trustee.  Therefore, Defendants have conceded to the truth of the assertions made by Plaintiffs.

### *Fact #11 – Unenforceable Deed*

Pursuant to the Deed, CRC is the trustee.

Pursuant to the Deed, WAMU is the beneficiary.

CRC and WAMU are the same "individual" because CRC is a subsidiary of WAMU.

CRC is not qualified to act as a trustee under Arizona law. See A.R.S. §33-803(B).

Therefore, the Deed is void and unenforceable.

### *Fact #12 – No perfected lien*

Regardless of whether a debt exists, which Chase had not proven, Chase is not entitled to sell the property to satisfy the alleged debt because Chase had failed to present a valid perfected lien in its favor against Plaintiffs' property.

### *Fact #13*

Plaintiff move the Court to take judicial notice of the following cases: *Henningsen v. United States Fidelity & G. Co.*, 208 US 404; 52 L. Ed 547, 28 S. Ct. 389; *Prairie State National Bank v. United States*, 164 US 227; 41 L. Ed. 412; 17 S. Ct. 142; *Aetna L. Ins. Co. v. Middleport*, 124 US 534; 31 L. Ed. 537; 8 S. Ct. 625; *McBride v. McBride*, 148 Or 478 36 P 2d 175.


These U.S. Supreme Court cases relate to the doctrine of subrogation which is not applied for the mere stranger or volunteer who has paid the debt of another without any assignment or

agreement for subrogation, without being under any legal obligation to make the payment, and without being compelled to do so for the preservation of any rights or property of his own.

### *Fact #14*

There was nothing in the Note and Deed that made any of Defendants a surety so that it might be subrogated to the rights of Lender.

### *Fact #15*

There is no admissible evidence to prove the amount of consideration that Chase paid for the Walkers' Note, if any and if it actually acquired the Note.

### *Fact #16*

Chase knew that WAMU was a "troubled bank."

Chase knew that some of WAMU's mortgage loans were in default prior to acquiring said loans.

Therefore, Chase had "notice of a defense or claim against it" and that some of the Notes it was acquiring were "overdue or have been dishonored."

Therefore, Chase did not obtain any rights held by the transferor -- pursuant to §47-3203(B).

Chase is NOT a holder in due course and is not entitled to enforce the Note and Deed pursuant to Arizona law.

### *Fact #17*

There is no contract or any writing sufficient to indicate that a contract has been made between the Walkers and Chase.

### *Fact #18*

There is no contract or any writing sufficient to indicate that Chase has any right, title, or interest to exercise a power of sale in the Walkers' Property.

### *Fact #19*

There is no admissible evidence on record or seen by the Walkers to prove that the Walkers' Note was validly acquired by Chase. Therefore, Chase can never suffer a default.

## CONCLUSION

In their Second Amended Complaint, Plaintiffs demanded that Chase provides admissible evidence to show the basis of its claim to be "successor in interest to Washington Mutual Bank" or forever be enjoined from foreclosing or asserting any rights, title, or interest under the Deed.

Chase failed to provide any admissible evidence to show the basis of its claim -- despite the overwhelming facts presented by Plaintiffs that clearly defeat Chase's false claims.

For all the reasons cited herein and in the Second Amended Complaint, Plaintiffs dispute the validity of Defendants' Exhibit A "Notice of Trustee's Sale."

WHEREFORE, Plaintiffs move this honorable court to forever enjoin Defendants Chase and CRC from foreclosing or asserting any rights, title, or interest under the Deed.

**WHEREFORE,** Plaintiffs move and request that this Court declare and adjudge that all Defendants do not have, and never had, any legal right, title, or any equitable or beneficial interest in the enforcement of the Plaintiffs' Note, and should be temporarily and permanently enjoined from proceeding against 3964 E. Expedition Way, Phoenix, Arizona 85050.

**WHEREFORE,** Plaintiffs George M. and Diane Walker move this Honorable Court to suspend the attempted sale of the property, to declare the mortgage a nullity, to zero out the promissory note (if it exists, and particularly if a mortgage insurer paid it off), to grant plaintiffs

a quiet title, to order the release of any lien that may exist, to order the Defendants to clean up

the credit report from any negative entries caused by them, and to order any other relief

requested in Plaintiffs' Second Amended Complaint and further relief as the Court may deem

just and proper.

We verify that the arguments made herein are true and correct to the best of our

knowledge.

Respectfully Submitted,

_George M. Walker_

George M. Walker

Date: _10/24/11_

_Diane Walker_

Diane Walker

Date: _10/24/11_

Erin Seville
Notary Public - Arizona
Maricopa County
My Commission Expires
May 15, 2014

STATE OF ARIZONA
COUNTY OF MARICOPA
This instrument was acknowledged before me
This 24 day of October, 20 11
In witness whereof I herewith set my hand
and official seal. _____ NOTARY PUBLIC

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and exact copy of the above has been furnished by U.S. Mail on this 24th day of October, 2011 to the following:

Washington Mutual Bank, F.A.
2273 N. Green Valley parkway
Suite 14
Henderson, NV 89014

Douglas C. Erickson, Esq.
Daniel D. Maynard, Esq.
Maynard Cronin Erickson Curran & Reiter, PLC
3200 North Central Avenue, Suite 1800
Phoenix, Arizona 85012

George M. Walker

CV11-00584-PHX-SRB

# EXHIBIT A



Date: _July 7_, 2010

To:   Chief Financial Officer
      WASHINGTON MUTUAL BANK N.A,
      2273 N. GREENVALLY PKWY STE 14
      HENDERSON NV 89011

      CHASE HOME FINANCE
      6716 GRADE LN BLDG 9, STE 910
      LOUISVILLE, KY 40213

**NOTICE:**

**WARNING!** Exigent conditions are contained in the attached document that renders the matter contained therein as COMMERCIALLY URGENT. Please read carefully.

It is recognized that **you may be busy at the moment**, and you may not have time to respond immediately. If you feel you have competent grounds for doing so, you may ask for additional time to respond to the attached notice by faxing a request to the number below. No reasonable request for additional time for responding will be denied. If you do not ask for more time, then you must respond by giving your evidentiary reasons as to why this process should not continue to issue forth.

**Your reasons must be substantial** to impede the process proposed. A simple showing or claiming of possession of either the Promissory Note or its accompanying Security Instrument (Deed of Trust/Mortgage Note) will not be considered as grounds for either stopping or impeding this urgently required process. You are required to give evidence and reasons above these aforementioned items.

It is also recognized that you may not be the proper party to whom this Notice should be addressed. In the event that this is the case, you are hereby authorized to forward this Notice to the proper party, and to request an extension of not greater than five (5) business days to get these documents to such party.

Failure to do either of these things will result in the procedures commenced in the attached documents being carried out in full.

**This is a declaration of commercially urgent conditions involving suspected breaches of contracts between parties.** This is an attempt to begin a procedure to correct those breaches. Please be advised of that, and conduct yourself accordingly.

Sincerely,

George Maurice Walker

Fax #: _480-422-1325_

# AFFIDAVIT

3964 E EXPEDITION WAY
PHOENIX, ARIZONA

STATE OF ARIZONA       )
COUNTY OF MARICOPA    ) *ss.*

I, George Maurice Walker, hereafter Affiant, being of sound mind, competent and able to testify to the accuracy of this Affidavit, hereby confirms that all the facts stated and affirmed herein are true, correct, complete, and not misleading, admissible as evidence, and if testifying shall so state under the penalty of perjury:

1. That, Affiant makes this Affidavit based on first hand knowledge of all the facts stated herein, including the research of federal and state laws and public policy documents that govern monetary instruments related to banking and financial institutions.

2. That, Affiant and his spouse, Diane W Walker did sign alleged loan documents with WASHINGTON MUTUAL BANK N.A, at SECURITY TITLE AGENCY office in SCOTTSDALE, ARIZONA on October 9, 2006 concerning property located at 3964 E EXPEDITION WAY, PHOENIX, ARIZONA.

3. That, Affiant and Affiant's spouse, Diane W Walker, did sign a promissory note and issued to WASHINGTON MUTUAL BANK N.A, for processing on October 9, 2006; the promissory note was for the sum of $1,440,000.

4. That, Affiant was rushed by WASHINGTON MUTUAL BANK N.A, representatives to sign other alleged closing documents and was not provided time to review or provided a clear understanding of the terms and conditions of these documents that he was requested to sign.

5. That, since the above events and the exposure of this nation's mortgage default crisis, Affiant has recently learned that there has been possible fraud committed against him by WASHINGTON MUTUAL BANK N.A, representatives in withholding FULL DISCLOSURE at the signing of closing documents and that it appears fraud in the factum has been committed against him regarding his signing the mortgage note and Deed of Trust.

6. That, Affiant confirms and re-affirms his lawful and timely dispute and demands full compliance in providing FULL DISCLOSURE to all requested questions and provide all request for documentation per the LAWFUL DEBT VALIDATION DEMAND annexed hereto and made a part hereof.

7. That, WASHINGTON MUTUAL BANK N.A, registered agent and CHASE HOME FINANCE acting as servicer are being served this Affidavit and LAWFUL DEBT VALIDATION DEMAND.

GEORGE MAURICE WALKER
3964 E Expedition Way
Phoenix, Arizona 85050

DATE: _July 1_____, 2010

Loan #3011206566-203/3011206566
APN #212-38-334
Legal Description: See Attached Exhibit A

---

### QUALIFIED WRITTEN REQUEST
### TRUTH IN LENDING ACT DEMAND
### DEBT VALIDATION DEMAND

---

**Real Estate Settlement Procedures Act (RESPA) 12 U.S.C. § 2605(e);**
Regulation X at 24 C.F.R. § 3500 et seq.
**Truth-In-Lending-Act (TILA) § 1604(e), 15 U.S.C. §§ 1601 et seq. (1968) and 1692 et seq.**
**Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692c**

---

**GRANTOR(S): GEORGE MAURICE WALKER and DIANE W WALKER**
3964 E Expedition Way
Phoenix, Arizona 85050

**GRANTEE(S): WASHINGTON MUTUAL BANK N.A,**
2273 N. GREENVALLY PKWY STE 14
HENDERSON NV 89011
USPS Certified Mail # 7009 3410 0000 8862 6158

CHASE HOME FINANCE / Servicer
6716 GRADE LN BLDG 9, STE 910
LOUISVILLE, KY 40213
USPS Certified Mail # 7009 3410 0000 8862 6165

You are now in receipt of this NOTICE under the authority of the Truth-In-Lending-Act (TILA)
§ 1604(e), 15 U.S.C. §§ 1601 et seq. (1968) and 1692 et seq., and the Fair Debt Collection
Practices Act (FDCPA) 15 U.S.C. §1692c, and the Real Estate Settlement Procedures Act
(RESPA) 12 U.S.C. § 2605(e) and Regulation X at 24 C.F.R. § 3500 regarding loan number
3011206566-203 / 3011206566. I dispute the alleged mortgage debt in its entirety for being
inaccurate and firmly believe that I have had fraud in the factum committed against me for lack
of full disclosure by the alleged Lender.

**NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT,
NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL.**

**THIS IS MY "QUALIFIED WRITTEN REQUEST": TILA REQUEST, RESPA REQUEST, COMPLAINT OF PROBABLE FRAUD IN THE FACTUM, DISPUTE OF DEBT & VALIDATION OF DEBT**

Reference:        Alleged Mortgage Loan # 3011206566-203 / 3011206566
                  Private Land & Chattel Property located at
                  3964 E EXPEDITION WAY
                  PHOENIX, ARIZONA

Attention Authorized Representative for the Above Referenced Companies / Corporations:

After several consultation meetings with Legal Counsel and knowledgeable accountants regarding this matter, I am writing to formally complain about intentional accounting omissions and probable fraud in the factum that took place at the closing in the purchase of my home. I need a clear understanding and clarification (**FULL DISCLOSURE**) of the transactions that occurred at my signing of the initial documents, the funding source, legal and beneficial ownership, charges, credits, debits, transactions, reversals, actions, payments, analyses and records related to the servicing of this account from its origination to the present date.

With our nation's mortgage default crisis and the mortgage scams that have occurred against millions of American families, I am most concerned that potential fraudulent and deceptive practices have been committed against me in the intentional omission of due consideration in the exchange of my promissory note, my signing of the mortgage note and security agreement; including deceptive and fraudulent servicing practices to enhance balance sheets; deceptive, abusive and fraudulent accounting tricks.

I hereby **DEMAND** absolute first-hand evidence from you and/or your legal department with regard to the original signed promissory note and an uncertificated or certificated security concerning account numbers 3011206566-203 / 3011206566. In the event you refuse or fail to supply me with these documents it will be positive confirmation on your part that WASHINGTON MUTUAL BANK N.A, never really created and owned a security. I also hereby **DEMAND** that a chain of transfer from you to wherever the security is now be promptly sent to me as well. Absent the actual evidence of the security, I have no choice but to dispute the validity of your lawful ownership, funding, entitlement right, and the current debt you allege I owe. By debt, I am referring to the principal balance you claim I owe; the calculated monthly payment, calculated escrow payment and any fees claimed to be owed by you or any trust or entity you may service or subservice for.

**To independently validate this debt, I need to conduct a complete exam, audit, review and accounting of this mortgage account from its inception through the present date. Upon receipt of this QUALIFIED WRITTEN REQUEST, please refrain from reporting any negative credit information [if any] to any credit reporting agency until you respond to each of the requests.**

I also request that you conduct your own investigation and audit of this account since its inception to validate the debt you currently claim I owe. Upon receipt of your answers and production of documents, I will contract with my CPA to do another audit for a secondary validation. I **DEMAND** that you validate this debt so that it is accurate to the penny!

I firmly request that you do not rely on previous servicers or originators records, assurances or indemnity agreements and refuse to conduct a full audit and investigation of this account. I understand that potential abuses by you or previous servicers could have deceptively, wrongfully, unlawfully, and/or illegally:

◊       Increased the amounts of monthly payments.
◊       Increased the principal balance I owe;
◊       Increased escrow payments;

◊     <u>Increased the amounts applied and attributed toward interest on this account;</u>

◊     <u>Decreased the proper amounts applied and attributed toward principal on this account;</u>

◊     <u>Assessed, charged and/or collected fees, expenses and misc. charges I am not legally obligated to pay under this mortgage, note and/or deed of trust.</u>

I **DEMAND** that you demonstrate that I have not been the victim of such predatory, fraudulent servicing or lending practices that have occurred throughout the nation.

To ensure this, I have authorized a thorough review, examination, accounting and audit of mortgage account # 3011206566-203 / 3011206566 by mortgage auditing and predatory servicing or lending experts. These exam and audit experts will review this mortgage account file from the date of initial contact with the mortgage provider, WASHINGTON MUTUAL BANK N.A., their applications and the origination of this account to the present date.

Again this is a **Qualified Written Request** under the Truth In Lending Act [TILA] 15 U.S.C. § 1601, et seq., the Fair Debt Collection Practices Act (FDCPA) and the Real Estate Settlement Procedures Act ("RESPA"), codified as Title 12 § 2605 (e)(1)(B) (e) and Reg. X § 3500.21(f)2 of the United States Code. TAKE NOTICE that RESPA provides substantial penalties and fines for non-compliance or failure to answer my questions & production of documents as requested in this letter within twenty [20] business days of its receipt.

In order to conduct the examination and audit of this loan, I need to have full and immediate disclosure including copies of all pertinent information regarding this loan. The documents requested and answers to my questions are needed for me and my audit experts to insure that this loan:

1. Was originated in lawful compliance with all federal and state laws, regulations including, but not limited to TILA, FDCPA, RESPA, HOEPA and other laws;

2. That any sale or transfer of this account or monetary instrument, was conducted in accordance with proper laws and was a lawful sale with complete disclosure to all parties with an interest;

3. That the claimed holder in due course of the monetary instrument/deed of trust/asset is holding such note in compliance with statutes, State and Federal laws and is entitled to the benefits of payments;

4. That all good faith and reasonable disclosures of transfers, sales, Power of Attorney, monetary instrument ownership, entitlements, full disclosure of actual funding source, terms, costs, commissions, rebates, kickbacks, fees etc., were and still are properly disclosed to me;

5. That each servicer and/or sub-servicers of this mortgage have serviced this mortgage in accordance with statute, laws and the terms of mortgage, monetary instrument/deed of trust;

6. That each servicer and sub-servicers of this mortgage have serviced this mortgage in compliance with local, state and federal statutes, laws and regulations;

7. That this mortgage account has properly been credited, debited, adjusted, amortized and charged correctly;

8. That interest and principal have been properly calculated and applied to this loan;

9. That any principal balance has been properly calculated, amortized and accounted for; that no charges, fees or expenses, not obligated by me in any agreement, have been charged, assessed or collected from this account;

In order to validate this debt and audit this account, I need copies of pertinent documents to be provided to me. I also request answers, <u>certified</u>, in writing, to various servicing questions. For each record kept on computer or in any other electronic file or format, please provide a paper copy of all information in each field or record in each computer system, program or database used by you that contains any information on this account number or my name.

As such, please mail to me, at the address above, copies of the documents requested below as soon as possible. Please provide copies of:

10. Any certificated or uncertificated security, front and back, used for the funding of account # 3011206566-203.

11. Any and all "Pool Agreement(s)" including account # 3011206566-203 between WASHINGTON MUTUAL BANK N.A, and CHASE HOME FINANCE account # 3011206566 and any government sponsored entity, hereinafter (GSE).

12. Any and all "Deposit Agreement(s)" regarding account # 3011206566-203 or the "Pool Agreement" including account # 3011206566-203 between WASHINGTON MUTUAL BANK N.A, and CHASE HOME FINANCE account # 3011206566 and any GSE.

13. Any and all "Servicing Agreement(s)" between WASHINGTON MUTUAL BANK N.A, and CHASE HOME FINANCE and any GSE.

14. Any and all "Custodial Agreement(s)" between WASHINGTON MUTUAL BANK N.A, and CHASE HOME FINANCE and any GSE.

15. Any and all "Master Purchasing Agreement(s)" between WASHINGTON MUTUAL BANK N.A, and CHASE HOME FINANCE and any GSE.

16. Any and all "Issuer Agreement(s)" between WASHINGTON MUTUAL BANK N.A, and CHASE HOME FINANCE and any GSE.

17. Any and all "Commitment to Guarantee" agreement(s) between WASHINGTON MUTUAL BANK N.A, and CHASE HOME FINANCE and any GSE.

18. Any and all "Release of Document agreements" between WASHINGTON MUTUAL BANK N.A, and CHASE HOME FINANCE and any GSE.

19. Any and all "Master Agreement(s) for servicer's Principle and Interest Custodial Account(s)" between WASHINGTON MUTUAL BANK N.A, and any GSE.

20. Any and all "Servicers Escrow Custodial Account" between WASHINGTON MUTUAL BANK N.A, and CHASE HOME FINANCE and any GSE.

21. Any and all "Release of Interest" agreements between WASHINGTON MUTUAL BANK N.A, and CHASE HOME FINANCE and any GSE.

22. Any Trustee agreement(s) between WASHINGTON MUTUAL BANK N.A, and CHASE HOME FINANCE trustee regarding account # 3011206566-203 and or # 3011206566 or pool accounts with any GSE.

23. Please send to the requester a copy of any documentation evidencing any trust relationship regarding the Mortgage/Deed of Trust **and** any Note in this matter.

24. Please send to the requester a copy of any and all document(s) establishing any Trustee of record for the Mortgage/Deed of Trust **and** any Note.

25. Please send to the requester a copy of any and all document(s) establishing the date of any appointment of Trustee for this Mortgage/Deed of Trust **and** any Note. Please also include any and all assignments or transfers or nominees of any substitute trustee(s).

26. Please send to the requester a copy of any and all document(s) establishing any Grantor for this Mortgage/Deed of Trust **and** any Note.

27. Please send to the requester a copy of any and all document(s) establishing any Grantee for this Mortgage/Deed of Trust **and** any Note.

28.  Please send to the requester a copy of any and all document(s) establishing any Beneficiary for this Mortgage/Deed of Trust **and** any Note.

29.  Please send to the requester any documentation evidencing the Mortgage or Deed of trust is **not** a constructive trust or any other form of trust.

30.  Please send to the requester a certified copy of the signed promissory note showing the front and back of the document.

31.  All data, information, notations, text, figures and information contained in your mortgage servicing and accounting computer systems including, but not limited to Alltel or Fidelity CPI system, or any other similar mortgage servicing software used by you, any servicers, or sub-servicers of this mortgage account from the inception of this account to the date written above.

32.  All descriptions and legends of all Codes used in your mortgage servicing and accounting system so that the examiners, auditors and experts retained to audit and review this mortgage account may properly conduct their work.

33.  All assignments, transfers, allonges, or other document evidencing a transfer, sale or assignment of this mortgage, deed of trust, monetary instrument or other document that secures payment by me to this obligation in this account from the inception of this account to the present date including any such assignments on MERS.

34.  All records, electronic or otherwise, of assignments of this mortgage, monetary instrument or servicing rights to this mortgage including any such assignments on MERS.

35.  All deeds in lieu, modifications to this mortgage, monetary instrument or deed of trust from the inception of this account to the present date.

36.  The front and back of each and every canceled check, money order, draft, debit or credit notice issued to any servicers of this account for payment of any monthly payment, other payment, escrow charge, fee or expense on this account.

37.  All escrow analyses conducted on this account from the inception of this account until the date of this letter;

38.  The front and back of each and every canceled check, draft or debit notice issued for payment of closing costs, fees and expenses listed on any and all disclosure statement(s) including, but not limited to, appraisal fees, inspection fees, title searches, title insurance fees, credit life insurance premiums, hazard insurance premiums, commissions, attorney fees, points, etc.

39.  Front and back copies of all payment receipts, checks, money orders, drafts, automatic debits and written evidence of payments made by others or me on this account.

40.  All letters, statements and documents sent to me by your company;

41.  All letters, statements and documents sent to me by agents, attorneys or representatives of your company;

42.  All letters, statements and documents sent to me by previous servicers, sub-servicers or others in your account file or in your control or possession or in the control or possession of any affiliate, parent company, agent, sub-servicers, servicers, attorney or other representative of your company.

43.  All letters, statements and documents contained in this account file or imaged by you, any servicers or sub-servicers of this mortgage from the inception of this account to present date.

44.  All electronic transfers, assignments, sales of the note/asset, mortgage, deed of trust or other security instrument.

45.  All copies of my property inspection reports, appraisals, BPOs and reports done on the property.

46. All invoices for each charge such as inspection fees, BPOs, appraisal fees, attorney fees, insurance, taxes, assessments or any expense, which has been charged to this mortgage account from the inception of this account to the present date.

47. All checks used to pay invoices for each charge such as inspection fees, BPOs, appraisal fees, attorney fees, insurance, taxes, assessments or any expense which has been charged to this mortgage account from the inception of this account to the present date.

48. All agreements, contracts and understandings with vendors that have been paid for any charge on this account from the inception of this account to the present date.

49. All account servicing records, payment payoffs, payoff calculations, ARM audits, interest rate adjustments, payment records, transaction histories, account histories, accounting records, ledgers, and documents that relate to the accounting of this account from the inception of this account until the date of this RESPA request.

50. All account servicing transaction records, ledgers, registers and similar items detailing how this account has been serviced from the from the inception of this account until the date of this RESPA request.

Further, in order to conduct the audit and review of this account, and to determine all proper amounts due, I need the following answers to questions concerning the servicing and accounting of this mortgage account from its inception to the present date. Accordingly, please provide me, in writing, the answers to the following questions listed below.

## ACCOUNT ACCOUNTING & SERVICING SYSTEMS

51. Please identify for me each account accounting and servicing system used by you and any sub-servicers or previous servicers from the inception of this account to the present date so that the experts can decipher the data provided. I demand a certified Transaction Chart (T Chart) showing the GAAP journal entries made at the inception.

52. For each account accounting and servicing system identified by you and any sub-servicers or previous servicers from the inception of this account to the present date, please provide the name and address of the company or party that designed and sold the system.

53. For each account accounting and servicing system used by you and any sub-servicers or previous servicers from the inception of this account to the present date, please provide the complete transaction code list for each system so that I, and others can adequately audit this account.

## DEBITS & CREDITS

54. Pursuant to banking law 12 USCA § 1813, please provide me the deposit slip for the alleged borrower's promissory note(s) that were issued to WASHINGTON MUTUAL BANK N.A, for processing through the Federal Reserve Bank in exchange for borrower's credit on October 9, 2006 and deposited on or around November 9, 2006.

55. In a spreadsheet form or in letter form in a columnar format, please detail for me each and every credit on this account and the date such credit was posted to this account as well as the date any credit was received.

56. Please provide the order authorizing the withdrawal of funds from the borrower's promissory note deposit account.

57. In a spreadsheet form or in letter form in a columnar format, please detail for me each and every debit on this account and the date debit was posted to this account as well as the date any debit was received.

58.   For each debit or credit listed, please provide me with the definition for each corresponding transaction code you utilize?

59.   For each transaction code, please provide us with the master transaction code list used by you or previous servicers.

## MORTGAGE & ASSIGNMENTS

60.   Has each sale, transfer or assignment of this mortgage, monetary instrument, deed of trust or any other instrument I executed to secure this debt been recorded in the parish/county property records in the parish/county and state in which my land and chattel property is located from the inception of this account to the present date? Yes or No?

61.   If not, why?

62.   Is your company the servicers of this mortgage account or the holder in due course and beneficial owner of this mortgage, monetary instrument and/or deed of trust?

63.   Have any sales, transfers or assignments of this mortgage, monetary instrument, deed of trust or any other instrument I executed to secure this debt been recorded in any electronic fashion such as MERS or other internal or external recording system from the inception of this account to the present date? Yes or No?

64.   If yes, please detail for me the names of each seller, purchaser, assignor, assignee or any holder in due course to any right or obligation of any note, mortgage, deed or security instrument I executed securing the obligation on this account that was not recorded in the county records where my property is located whether they be mortgage servicing rights or the beneficial interest in the principal and interest payments.

## ATTORNEY FEES

65.   For purposes of my questions below dealing with attorney fees, please consider the terms attorney fees and legal fees to be one in the same.

66.   Have attorney fees ever been assessed to this account from the inception of this account to the present date?

67.   If yes, please detail each separate assessment, charge and collection of attorney fees to this account from the inception of this account to the present date and the date of such assessment to this account?

68.   Have attorney fees ever been charged to this account from the inception of this account to the present date?

69.   If yes, please detail each separate charge of attorney fees to this account from the inception of this account to the present date and the date of such charge to this account?

70.   Have attorney fees ever been collected from this account from the inception of this account to the present date?

71.   If yes, please detail each separate collection of attorney fees from this account from the inception of this account to the present date and the date of such collection from this account?

72.   Please provide for me the name and address of each attorney or law firm that has been paid any fees or expenses related to this account from the inception of this account to the present date?

73.   Please identify for me in writing the provision, paragraph, section or sentence of any note, mortgage, deed of trust or any agreement I signed which authorized the assessment, charge or collection of attorney fees.

74. Please detail and list for me in writing each separate attorney fee assessed to this account and for which corresponding payment period or month such fee was assessed from the inception of this account to present date.

75. Please detail and list for me in writing each separate attorney fee collected from this account and for which corresponding payment period or month such fee was collected from the inception of this account to present date.

76. Please detail and list for me in writing any adjustments in attorney fees assessed and on what date such adjustment was made and the reasons for such adjustment.

77. Please detail and list for me in writing any adjustments in attorney fees collected and on what date such adjustment(s) were made and the reasons for such adjustment(s).

78. Has interest been charged on any attorney fee assessed or charged to this account? Yes or No?

79. Is interest allowed to be assessed or charged on attorney fees charged or assessed to this account? Yes or No?

80. How much in total attorney fees have been assessed to this account from the inception of this account until present date? $_____

81. How much in total attorney fees have been collected on this account from the inception of this account until present date? $_____

82. How much in total attorney fees have been charged to this account from the inception of this account until present date? $_____

83. Please send to me copies of all invoices and detailed billing statements from any law firm or attorney that has billed such fees that have been assessed or collected from this account.

## SUSPENSE/UNAPPLIED ACCOUNTS

For purposes of this section, please treat the term suspense account and unapplied account as one and the same.

84. Have there been any suspense or unapplied account transactions on this account from the inception of this account until present date?

85. If yes, please explain the reason for each and every suspense transaction that occurred on this account? If no, please skip the questions in this section dealing with suspense and unapplied accounts.

86. In a spreadsheet or in letter form in a columnar format, please detail for me each and every suspense or unapplied transaction, both debits and credits that have occurred on this account from the inception of this account until present date.

## LATE FEES

For purposes of my questions below dealing with late fees, please consider the terms late fees and late charges to be one in the same.

87. Have you reported the collection of late fees on this account as interest in any statement to me or to the IRS? Yes or No?

88. Has any previous servicers or sub-servicers of this mortgage reported the collection of late fees on this account as interest in any statement to me or to the IRS? Yes or No?

89. Do you consider the payment of late fees as liquidated damages to you for not receiving payment on time? Yes or No?

90.  Are late fees considered interest? Yes or No?

91.  Please detail for me in writing what expenses and damages you incurred for any payment I made that was late.

92.  Were any of these expenses or damages charged or assessed to this account in any other way? Yes or No?

93.  If yes, please describe what expenses or charges were charged or assessed to this account.

94.  Please describe for me in writing what expenses you or others undertook due to any payment I made, which was late.

95.  Please describe for me in writing what damages you or others undertook due to any payment I made which was late.

96.  Please identify for me in writing the provision, paragraph, section or sentence of any note, mortgage, deed of trust or any agreement I signed which authorized the assessment or collection of late fees.

97.  Please detail and list for me in writing each separate late fee assessed to this account and for which corresponding payment period or month such late fee was assessed from the inception of this account to present date.

98.  Please detail and list for me in writing each separate late fee collected from this account and for which corresponding payment period or month such late fee was collected from the inception of this account to present date.

99.  Please detail and list for me in writing any adjustments in late fees assessed and on what date such adjustment was made and the reasons for such adjustment.

100.  Has interest been charged on any late fee assessed or charged to this account? Yes or No?

101.  Is interest allowed to be assessed or charged on late fees charged or assessed to this account? Yes or No?

102.  Have any late charges been assessed to this account? Yes or No?

103.  If yes, how much in total late charges have been assessed to this account from the inception of this account until present date? $_____

104.  Please provide me with the exact months or payment dates you or other previous servicers of this account claim I have been late with a payment from the inception of this account to the present date.

105.  Have late charges been collected on this account from the inception of this account until present date? Yes or No?

106.  If yes, how much in total late charges have been collected on this account from the inception of this account until present date? $_____

**LAND & CHATTEL PROPERTY INSPECTIONS**

107.  For purposes of this section property inspection and inspection fee refer to any inspection of property by any source and any related fee or expense charged, assessed or collected for such inspection.

108.  Have any property inspections been conducted on my land and chattel property from the inception of this account until the present date?

109. If your answer is no, you can skip the rest of these questions in this section concerning property inspections.

110. If yes, please tell me the date of each property inspection conducted on my land & chattel property that is the secured interest for this mortgage, deed or note?

111. Please tell me the price charged for each property inspection.

112. Please tell me the date of each property inspection.

113. Please tell me the name and address of each company and person who conducted each property inspection on my land & chattel property.

114. Please tell me why property inspections were conducted on my property.

115. Please tell me how property inspections are beneficial to me.

116. Please tell me how property inspections are protective of my land & chattel property.

117. Please explain to me your policy on property inspections.

118. Do you consider the payment of inspection fees as a cost of collection? Yes or No?

119. If yes, why?

120. Do you use property inspections to collect debts? Yes or No?

121. Have you used any portion of the property inspection process on my land & chattel property to collect a debt or inform me of a debt, payment or obligation I owe?

122. If yes, please answer when and why?

123. Please identify for me in writing the provision, paragraph, section or sentence of any note, mortgage, deed of trust or any agreement I signed that authorized the assessment or collection of property inspection fees?

124. Have you labeled in any record or document sent to me a property inspection as a miscellaneous advance? Yes or No?

125. If yes, why?

126. Have you labeled in any record or document sent to me a property inspection as a legal fee or attorney fee? Yes or No?

127. If yes, why?

128. Please detail and list for me in writing each separate inspection fee assessed to this account and for which corresponding payment period or month such fee was assessed from the inception of this account to present date.

129. Please detail and list for me in writing each separate inspection fee collected from this account and for which corresponding payment period or month such fee was collected from the inception of this account to present date.

130. Please detail and list for me in writing any adjustments in inspection fees assessed and on what date such adjustment was made and the reasons for such adjustment.

131. Please detail and list for me in writing any adjustments in inspection fees collected and on what date such adjustment was made and the reasons for such adjustment.

132. Has interest been charged on any inspection fees assessed or charged to this account? Yes or No?

133. If yes, when and how much was charged?

134. Is interest allowed to be assessed or charged on inspection fees or assessed to this account? Yes or No?

135. How much in total inspection fees have been assessed to this account from the inception of this account until present date? $_____

136. How much in total inspection fees have been collected on this account from the inception of this account until present date? $_____

137. Please forward to me copies of all property inspections made on my property in this mortgage account file.

138. Has any fee charged or assessed for property inspections been placed into escrow account? Yes or no?

## BPO FEES

139. Have any BPOs [Broker Price Opinions] been conducted on my land & chattel property?

140. If yes, please tell me the date of each BPO conducted on my land & chattel property that is the secured interest for this mortgage, deed or note?

141. Please tell me the price of each BPO.

142. Please tell me who conducted each BPO.

143. Please tell me why BPOs were conducted on my land & chattel property.

144. Please tell me how BPOs are beneficial to me.

145. Please tell me how BPOs are protective of my land & chattel property.

146. Please explain to me your policy on BPOs.

147. Have any BPO fees been assessed to this account? Yes or No?

148. If yes, how much in total BPO fees have been assessed to this account? $_____

149. Have any BPO fees been charged to this account? Yes or No?

150. If yes, how much in total BPO fees have been charged to this account? $_____

151. Please tell me specifically what clause, paragraph and sentence in the note, mortgage or deed of trust or any agreement I have executed allows you to assess, charge or collect a BPO fee from me.

152. Please send to me copies of all BPO reports that have been done on my land & chattel property.

153. Has any fee charged or assessed for a BPO been placed into escrow? Yes or no?

## FORCED-PLACED INSURANCE

154. Have you placed or ordered any forced-placed insurance polices on my land & chattel property?

155. If yes, please tell me the date of each policy ordered or placed on my property that is the secured interest for this mortgage, deed or note.

156. Please tell me the price of each policy.

157. Please tell me the agent for each policy.

158. Please tell me why each policy was placed on my land & chattel property.

159. Please tell me how the policies are beneficial to me.

160. Please tell me how policies are protective of my land & chattel property.

161.  Please explain to me your policy on forced-placed insurance.

162.  Have any forced-placed insurance fees been assessed to this mortgage or escrow account? Yes or No?

163.  If yes, how much in total forced-placed policy fees have been assessed to this account? $_____

164.  Have any forced-placed insurance fees been charged to this mortgage or escrow account? Yes or No?

165.  If yes, how much in total forced-placed insurance fees have been charged to this mortgage or escrow account? $_____

166.  Please tell me specifically what clause, paragraph and sentence in the note, mortgage or deed of trust or any agreement I have executed allows you to assess, charge or collect forced-placed insurance fees from me.

167.  Do you have any relationship with the agent or agency that placed any policies on my land and chattel property? If yes, please describe.

168.  Do you have any relationship with the carrier that issued any policies on my land & chattel property? If yes, please describe.

169.  Has the agency or carrier you used to place a forced-placed insurance policy on my land & chattel property provided you any service, computer system, discount on policies, commissions, rebates or any form of consideration? If yes, please describe.

170.  Do you maintain a blanket insurance policy to protect your properties when customer policies have expired?  If yes, please send me a copy of each such policy.

171.  Please send to me copies of all forced-placed insurance policies that have been ordered on my land & chattel property.

## SERVICING RELATED QUESTIONS

For each of the following questions listed below, please provide me with a detailed explanation in writing that answers each question. In addition, I need the following answers to questions concerning the servicing of this mortgage account from its inception to the present date. Accordingly, can you please provide me, in writing, the answers to the questions listed below:

172.  Did the originator or previous servicers of this account have any financing agreements or contracts with your company or an affiliate of your company?

173.  Did the originator of this account or previous servicers of this account have a warehouse account agreement or contract with your company?

174.  Did the originator of this account or previous servicers of this account receive any compensation, fee, commission, payment, rebate or other financial consideration from your company or any affiliate of your company for handling, processing, originating or administering this loan? If yes, please describe and itemize each and every form of compensation, fee, commission, payment, rebate or other financial consideration paid to the originator of this account by your company or any affiliate.

175.  Please identify for me where the originals of this entire account file are currently located and how they are being stored, kept and protected?

176.  Where is the original monetary instrument (*promissory note*) or mortgage I signed located? Please describe its physical location and anyone holding this note as a custodian or trustee if applicable.

177. Where is the original deed of trust or mortgage and note I signed located? Please describe its physical location and anyone holding this note as a custodian or trustee if applicable.

178. Since the inception of this loan, has there been any assignment of my monetary instrument/asset to any other party? If the answer is yes, identify the names and addresses of each and every individual, party, bank, trust or entity that has received such assignment.

179. Since the inception of this loan, has there been any assignment of the deed of trust or mortgage and note to any other party? If the answer is yes, identify the names and addresses of each and every individual, party, bank, trust or entity that has received such assignment.

180. Since the inception of this loan, has there been any sale or assignment of servicing rights to this mortgage account to any other party? If the answer is yes, identify the names and addresses of each and every individual, party, bank, trust or entity that has received such assignment or sale.

181. Since the inception of this loan, have any sub-servicers serviced any portion of this mortgage loan? If the answer is yes, identify the names and addresses of each and every individual, party, bank, trust or entity that have sub-serviced this mortgage loan.

182. Has this mortgage account been made a part of any mortgage pool since the inception of this loan? If yes, identify for me each and every account mortgage pool that this mortgage has been a part of from the inception of this account to the present date.

183. Has each and every assignment of my asset/monetary instrument been recorded in the parish/county land records where the property associated with this mortgage account is located?

184. Has there been any electronic assignment of this mortgage with MERS [Mortgage Electronic Registration System] or any other computer mortgage registry service or computer program? If yes, identify the name and address of each and every individual, entity, party, bank, trust or organization or servicers that have been assigned the mortgage servicing rights to this account as well as the beneficial interest to the payments of principal and interest on this loan.

185. Have there been any investors [as defined in your industry] who have participated in any mortgage-backed security, collateral mortgage obligation or other mortgage security instrument that this mortgage account has ever been a part of from the inception of this mortgage to the present date? If yes, identify the name and address of each and every individual, entity, organization and/or trust involved.

186. Please identify for me the parties and their addresses to all sales contracts, servicing agreements, assignments, allonges, transfers, indemnification agreements, recourse agreements and any agreement related to this account from its inception to the current date written above.

187. Please provide me with copies of all sales contracts, servicing agreements, assignments, allonges, transfers, indemnification agreements, recourse agreements and any agreement related to this account from its inception to the current date written above.

188. How much was paid for this individual mortgage account by you?

189. If part of a mortgage pool, what was the principal balance used by you to determine payment for this individual mortgage loan.

190. If part of a mortgage pool, what was the percentage paid by you of the principal balance above used to determine purchase of this individual mortgage loan.

191. Who did you issue a check or payment to for this mortgage loan?

192. Please provide me copies with the front and back of canceled check.

Under the Truth In Lending Act [TILA] 15 U.S.C. § 1601, et seq., the Fair Debt Collection Practices Act (FDCPA) and the Real Estate Settlement Procedures Act ("RESPA"), codified as Title 12 § 2605 (e)(1)(B) (e) and Reg. X § 3500.21(f)2 of the United States Code it is mandatory that you provide me full disclosure of the alleged debt that is said to be owed before proceeding any further with your collection action from twenty (20) days of receipt of this QUALIFIED WRITTEN REQUEST. If you do not provide all answers and production of documents requested in this Notice, you will be in fault, admitting no lawful claim and a default will be in order. Your admission of no lawful claim will be the basis for our Right to Cancel. A Notice of Right to Cancel will be issued twenty (20) days from the date of receipt of this CONSTRUCTIVE LEGAL NOTICE.

*Carbon Copied:*

**FEDERAL TRADE COMMISSION
CONSUMER RESPONSE CENTER**
600 Pennsylvania Avenue NW,
Washington, DC. 20580
Certified Mail #_____

**OFFICE OF RESPA AND
INTERSTATE LAND SALES**
Office of Housing, Room # 9146
Department of Housing and Urban Development
451 Seventh Street, SW,
Washington. D.C. 20410
Certified Mail #_____

**US DEPARTMENT OF THE TREASURY
OFFICE OF COMPTROLLER OF THE
CURRENCY**
Customer Assistance Group,
1301 McKinney Street, Suite 3450
Houston, TX 77010
Certified Mail #_____

**OFFICE OF HOUSING ENTERPRISE
OVERSIGHT (OFHEO)**
1700 G Street, NW, 4th Floor
Washington, DC  20552
Certified Mail # _____

**ARIZONA STATE ATTORNEY GENERAL
TERRY GODDARD**
Office of the Attorney General
1275 West Washington Street
Phoenix, AZ 85007
Certified Mail # _____

I hereby state that the above is true to the best of my knowledge and understanding.

Date: 7-1 _____, 2010          BY: _____

GEORGE MAURICE WALKER
3964 E EXPEDITION WAY
PHOENIX, ARIZONA 85050
TEL: (480) 227-3100


State of ARIZONA                    )
                                    )
County of Maricopa _____          )

Subscribed and sworn to (or affirmed) before me on this 1st day of

July _____, 2010 by George Maurice Walker _____, proved

to me on the basis of satisfactory evidence to be the person(s) who appeared before me.


_____                    (Seal)
Signature of Notary Public

TROY RILEY
NOTARY PUBLIC - ARIZONA
MARICOPA COUNTY
My Commission Expires
November 11, 2012

## **CERTIFICATE OF MAILING**

I, George Maurice Walker do hereby solemnly declare, that on _July 1, 2010_,
2010, I did cause to be delivered by Federal Express private courier and/or first class Certified
US Mail, a true and correct copy of the CONSTRUCTIVE LEGAL NOTICE OF LAWFUL
DEBT VALIDATION DEMAND, including true and correct copies of all/any documents
referenced therein as "attached hereto", to the parties and locations listed below:


Date: _7-8_____, 2010                    _George M. Walker_

                                         George Maurice Walker


**WASHINGTON MUTUAL BANK N.A,**
**2273 N. GREENVALLY PKWY STE 14**
**HENDERSON NV 89011**
**US Certified Mail Tracking No.** _7009 3410 0000 8862 6158_


**CHASE HOME FINANCE**
**6716 GRADE LN BLDG 9, STE 910**
**LOUISVILLE, KY 40213**
**US Certified Mail Tracking No.** _7009 3410 0000 8862 6165_

Part of Exhibit A

**U.S. Postal Service**
**CERTIFIED MAIL.. RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

WASHINGTON DC 20552  OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | $1.90 | 0091 |
| Certified Fee | | $2.80 | 02 |
| Return Receipt Fee (Endorsement Required) | | $2.30 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 | |
| Total Postage & Fees | $ | $7.00 | 07/02/2010 |

Sent To: OFF OF HOUSING
Street, Apt. No.; or PO Box No. 1700 G St NW
City, State, ZIP+4 WASH DC 20552

PS Form 3800, August 2006          See Reverse for Instructions

7009 2988 0000 3410 6059

---

**U.S. Postal Service**
**CERTIFIED MAIL.. RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

HOUSTON TX 77010  OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | $1.90 | 0091 |
| Certified Fee | | $2.80 | 02 |
| Return Receipt Fee (Endorsement Required) | | $2.30 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 | |
| Total Postage & Fees | $ | $7.00 | 07/02/2010 |

Sent To: US Dept of Treasury
Street, Apt. No.; or PO Box No. 1301 McKinney
City, State, ZIP+4 Houston TX 77010

PS Form 3800, August 2006          See Reverse for Instructions

7009 2988 0000 3410 6196

---

**U.S. Postal Service**
**CERTIFIED MAIL.. RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

WASHINGTON DC 20580  OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | $1.90 | 0091 |
| Certified Fee | | $2.80 | 02 |
| Return Receipt Fee (Endorsement Required) | | $2.30 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 | |
| Total Postage & Fees | $ | $7.00 | 07/02/2010 |

Sent To: FTC
Street, Apt. No.; or PO Box No. 600 Penn Ave NW
City, State, ZIP+4 Wash DC 20580

PS Form 3800, August 2006          See Reverse for Instructions

7009 2988 0000 3410 6189

---

**U.S. Postal Service**
**CERTIFIED MAIL.. RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

LOUISVILLE KY 40213  OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | $1.90 | 0091 |
| Certified Fee | | $2.80 | 02 |
| Return Receipt Fee (Endorsement Required) | | $2.30 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 | JUL -2 2010 |
| Total Postage & Fees | $ | $7.00 | 07/02/2010 |

Sent To: Chase Bank
Street, Apt. No.; or PO Box No. 6716 Grade Ln
City, State, ZIP+4 Louisville KY 40213

PS Form 3800, August 2006          See Reverse for Instructions

7009 2988 0000 3410 6165

---

**U.S. Postal Service**
**CERTIFIED MAIL.. RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

PHOENIX AZ 85007  OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | $1.90 | 0091 |
| Certified Fee | | $2.80 | 02 |
| Return Receipt Fee (Endorsement Required) | | $2.30 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 | JUL -2 2010 |
| Total Postage & Fees | $ | $7.00 | 07/02/2010 |

Sent To: Arizona AG
Street, Apt. No.; or PO Box No.
City, State, ZIP+4

PS Form 3800, August 2006          See Reverse for Instructions

7009 2988 0000 3410 6172

---

**U.S. Postal Service**
**CERTIFIED MAIL.. RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

HENDERSON NV 89011  OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | $1.90 | 0091 |
| Certified Fee | | $2.80 | 02 |
| Return Receipt Fee (Endorsement Required) | | $2.30 | JUL -2 2010 Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 | |
| Total Postage & Fees | $ | $7.00 | 07/02/2010 |

Sent To: Washington Mutual
Street, Apt. No.; or PO Box No. 2273 rd Greenwich
City, State, ZIP+4 Henderson NV 89011

PS Form 3800, August 2006          See Reverse for Instructions

7009 2988 0000 3410 6158

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature — RECEIVED BY
X  EMC MORTGAGE
☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

1. Article Addressed to:

Washington Mutual Bank, N.A,
2273 Greenvally Pkwy Ste. 14, Henderson, NV 89011

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7009 3410 0000 8862 6158

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

1. Article Addressed to:

Chase Home Finance
6716 Grade LN Bldg-9,
Ste. 910
Louisville, KY 40213

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7009 3410 0000 8862 6165

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

WAMU/Chase- Acknowledgement of receipt.